## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO: 20-55** |
| **v.** | * | **SECTION: "F" (4)** |
| **JASON R. WILLIAMS** | * | |
| **NICOLE E. BURDETT** | | |
| | *    *    * | |

### REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

In its opposition, the government has confirmed that Mr. Williams was improperly selected for investigation and prosecution.   Disturbingly, the government states that Mr. Williams has been criminally prosecuted because he "failed to meet with" IRS Special Agent Lori Marable in 2018 and "due to the fact that he was a public official." Rec. Doc. 61 at 3.  This is both vindictive and selective, and the indictment against Mr. Williams must be dismissed.

**I.      The government has admitted that Mr. Williams has been vindictively prosecuted.**

The government offers two reasons for opening a criminal tax investigation into Mr. Williams, and neither have anything to do with his taxes.  First, the government states that it referred Mr. Williams for a criminal tax investigation because he "failed to meet" with Special Agent Lori Marable when she attempted to interview him as a witness during her investigation of Henry Timothy.  Second, the government states that it referred Mr. Williams for criminal tax prosecution because he is a public official.  Neither of these reasons are legitimate purposes for pursuing a criminal tax investigation, and both demonstrate actual vindictiveness on the part of the government.

**A.**     **Mr. Williams has been punished with a criminal tax investigation and indictment because he "failed to meet" with Special Agent Lori Williams.**

The government first contends that Mr. Williams failed to show up for a meeting with Special Agent Lori Marable when she wanted to interview him as a witness in connection with her investigation into Henry Timothy.[1]  Rec. Doc. 61 at 3.  "Because Williams failed to meet with SA Marable," the IRS opened a criminal tax investigation into him.  *Id.*  This chilling act of retaliation offends any notion of fairness, due process, and justice.

Mr. Williams had the constitutional right to decline to meet with Agent Marable, who wanted to interview Mr. Williams **as a witness in a separate criminal investigation**, without a subpoena or warrant.  As the Supreme Court has pointed out:

> When law enforcement officers who are not armed with a warrant knock on a door, they do no more than any private citizen might do.  And whether the person who knocks on the door and requests the opportunity to speak is a police officer or a private citizen, the occupant has no obligation to open the door to speak . . . .  And even if an occupant chooses to open the door and speak with the officers, the occupant need not allow the officers to enter the premises and may refuse to answer questions at any time.

*Kentucky v. King*, 536 U.S. 452, 469 (2011).  Shockingly, the government cites Mr. Williams' "failure" to meet with Agent Marable as one of the reasons it referred him for a criminal tax investigation.  Rec. Doc. 61 at 3.

"To punish a person because he has done what the law plainly allows him to do is a due process violation 'of the most basic sort.'"  *United States v. Goodwin*, 457 U.S. 368, 372 (1982) (quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978).  Accordingly, investigating and prosecuting Mr. Williams because he allegedly failed to attend a voluntary interview with the

---

[1]The government's characterization of Mr. Williams as unwilling to meet with Agent Marable is untrue.  Mr. Williams did in fact speak with Agent Marable when she arrived unannounced at his home.  Williams scheduled a later meeting at his office but was delayed due to a City Council hearing.  He repeatedly offered to reschedule with Agent Marable but received no response.  Mr. Williams requests an evidentiary hearing on this point, as well as several others set forth below.

IRS constitutes actual vindictiveness.

> **B.    The mere fact that Mr. Williams "was a public official" is not a valid reason to target him for prosecution.**

The government's second stated reason is also inappropriate.  In addition to "failing to meet" with a tax agent, the government opened a criminal tax investigation into Mr. Williams "due to the fact that he was a public official."  Rec. Doc. 61 at 3.  The government offers no valid explanation for why Mr. Williams' status as a public official justifies looking into his taxes, much less initiating a criminal investigation and prosecution.

Instead, the government cites *United States v. Peskin*, 527 F.2d 71, 85-86 (7th Cir. 1975), for the proposition that "political prominence" is "not an impermissible basis for selection" for prosecution.  However, in Mr. Williams' case, the government has turned *Peskin* on its head.  In *Peskin*, the government opened a criminal investigation into a former member of the Illinois General Assembly **after** it had heard allegations that Peskin accepted bribes.  *Id*. at 80.  The government did not investigate Peskin simply because he was politically prominent.

Mr. Williams' case is quite the opposite.  Here, by its own admission, the government targeted Mr. Williams simply because "he was a public official."  Rec. Doc. 61 at 3.  When it initiated its criminal tax investigation, the government knew nothing at all about his taxes.

More importantly, when it ultimately indicted Mr. Williams, the government knew that he was a declared candidate for District Attorney.  This implicates an activity that is protected by the First Amendment and also violates the government's own Department of Justice policies on political sensitivities during an election year.  When the government violates its own internal policies, or undertakes additional discretionary steps to prosecute specific defendants out of a large class of similarly-situated individuals, that constitutes evidence that the "decision to prosecute . . . was motivated by an improper purpose or was in bad faith."  *United States v.*

*Hoover*, 727 F.2d 387, 389 (5th Cir. 1984). *See also United States v. Steele*, 461 F.2d 1148, 1152 (9th Cir. 1972) (government's discretionary procedure of compiling background reports on the census resistance movement was evidence of selective prosecution targeting those who exercised their First Amendment rights) (discussed in *Hoover*, 727 F.2d at 390); *United States v. Falk*, 479 F.2d 616, 622 (7th Cir. 1973) (government's unusual discretionary internal approvals to prosecute an advocate against the draft was evidence of selective prosecution targeting those who exercised their First Amendment rights) (discussed in *Hoover*, 727 F.2d at 390).

     **C.**     **The Court should reject the government's after-the-fact justifications for charging Mr. Williams.**

For the illegitimate reasons stated above, Agent Marable's supervisor requested that IRS Special Agent Tim Moore "get involved" in examining Mr. Williams' taxes. *Id*. The government does not explain why Agent Marable's supervisor chose Agent Moore.[2] But coincidentally, Agent Moore was "assigned to the FBI's public corruption squad" and knew that the FBI had been investigating Mr. Williams since 2016. *Id*. After he was mysteriously chosen by the IRS, Agent Moore "asked the FBI if they would be interested in him participating in their investigation." *Id*. In sum, Agent Moore knew the FBI was hunting Mr. Williams, found an excuse to look at Mr. Williams' taxes, and offered his services to the FBI, which had been pursuing a fruitless investigation for years.

At the same time that it admits initiating a criminal tax case against Mr. Williams for the vindictive reasons set forth above, the government contends that it indicted Mr. Williams for four different reasons. Specifically, the government claims that Mr. Williams "was selected for prosecution" because (1) he had two civil tax liens; (2) because he "owes over $16,000 from his 2015 return"; (3) because he "specializes" in tax evasion cases; and (4) because he "took a tax

_____

[2] Mr. Williams also requests an evidentiary hearing on this issue.

class in law school."   Rec. Doc. 61 at 10.   The Court should reject these after-the-fact justifications as implausible.

First, Mr. Williams' two tax liens were released more than five years ago, on January 7, 2015.   Second, it is not plausible that the government has chosen to criminally prosecute Mr. Williams simply because he allegedly owes $16,000 in taxes.   Third, Mr. Williams does not "specialize" in tax evasion cases.   His law firm's website—after describing nine other areas of law—simply says:

> Expansion of U.S. government oversight of businesses and financial scandals has led to a rise in the need for white-collar defense, internal investigations, and complex litigation of business dealings.   Business regulation often requires sound defense for things such as how businesses win new business, seek payment from government customers, and how they compete with each other.   **Tax evasion**, corruption, fraud, and theft are other areas businesses may need legal counsel to assist with risk management, train businesses about regulatory compliance, and help minimize criminal and civil liability.
>
> Whether you or your business has come under government scrutiny, or you want to learn how to avoid white-collar crime, solid legal counsel can help you understand all your options.[3]

This is not a claim of "specialization" in tax evasion cases, and the government well knows that Mr. Williams does not have expertise in taxes.   Nor is it persuasive that Mr. Williams took **one** tax class in law school in **1996**.   These weak justifications are nothing more than an attempt to whitewash the government's true motivation:   it has vindictively prosecuted Mr. Williams because he is an African-American public official and declared candidate for public office, because it has been unsuccessfully hunting him for years, and because he apparently irritated the IRS.   The Court should reject the government's excuses as implausible, but at a minimum should hold an evidentiary hearing at which Mr. Williams may controvert them.

---

[3] https://jrwilliamslawfirm.com/what-we-do/ (emphasis added).

5

**II.     The government has failed to rebut Mr. Williams' claim of selective prosecution.**

With respect to selective prosecution, Mr. Williams has clearly made "a *prima facie* showing that he has been singled out for prosecution while others similarly situated in committing the same acts have not."  *United States v. Hoover*, 727 F.2d 387, 389 (5th Cir. 1984). Mr. Williams and the rest of Henry Timothy's clients are all similarly situated:  they are all small business owners who hired Mr. Timothy to prepare their taxes, and Mr. Timothy took aggressive Schedule C deductions for all of them.  As is set forth in great detail in Mr. Williams' original brief, Timothy deducted similar percentages of Schedule C income for virtually all of his clients. Choosing Mr. Williams as the only one of these clients for prosecution is selective—especially in light of the government's admissions discussed above.

The government cannot rebut this claim, because Mr. Williams is the **only** Timothy client whom the government has investigated (except for C.D., who has been cleared of any wrongdoing, even though she paid approximately $35,000 in taxes on more than $3.5 million in income).  Instead, the government states that it is "unreasonable" for Mr. Williams to suggest "that all, most, or some (as yet unidentified percentage satisfactory to Defendants) of Timothy clients must be prosecuted."  Rec. Doc. 61 at 9.  The government misses the point.  Mr. Williams does not believe **any** of Timothy's clients should be prosecuted, including himself.  That is why Mr. Williams has gone into such detail to show why Mr. Timothy's story to the government— that Williams and Burdett pressured him to take improper deductions—is contradicted by all objective evidence and is sheer nonsense.  The fact that the government accepted a demonstrably false story to indict Mr. Williams—without even looking at Timothy's other clients to determine if his story makes sense—highlights its selective and vindictive motives.

III.    **The Court should dismiss the indictment.**

As the Supreme Court pointed out in *Goodwin*, it is hard to make out a vindictive prosecution claim because "[m]otives are complex and difficult to prove."  457 U.S. at 373. However, the government has admitted its motives for prosecuting Mr. Williams.  "[D]ue to the fact that he was a public official," the government hunted Mr. Williams for years without success.  When he "failed to meet" with an IRS Special Agent who wanted to interview Williams as a **witness** in her investigation of Henry Timothy, the government decided to open a criminal tax investigation into Mr. Williams, without any basis.  Now, the government has charged *Mr. Williams* (the witness) with pressuring *Mr. Timothy* (the target) to lower Williams' taxes, when it is clear that Timothy was doing the same thing for all of his clients.

"A claim of vindictive prosecution implicates a right for which the remedy is the dismissal of charges."  *Rhodes v. Plummer*, 1996 WL 721825, at *2 (N.D. Cal. Dec. 9, 1996) (citing *United States v. Hollywood Motor Car Co.,* 458 U.S. 263, 269 (1982)); *see also United States v. Gervasi*, 562 F. Supp. 632, 642 (N.D. Ill. 1983) (stating that the remedy for a proven case of vindictive prosecution is a dismissal of the indictment).  Similarly, the remedy or selective prosecution is "generally dismissal of the suit that was selectively prosecuted."  *United States v. Vazquez*, 145 F.3d 74, 82 (2d Cir. 1998).

Because Mr. Williams has demonstrated actual vindictiveness by the government, and because the government has failed to rebut Williams' claims of selective prosecution, the Court should dismiss the indictment.

Alternatively, Mr. Williams requests an evidentiary hearing to call Special Agent Lori Marable, Agent Marable's supervisor, and Special Agent Moore to controvert the government's proffered justifications for seeking an indictment and Henry Timothy to demonstrate that the

7

government has deliberately ignored the objective evidence in its efforts to selectively and vindictively prosecute him.

Respectfully submitted,

*/s/ William P. Gibbens*
William P. Gibbens, 27225
SCHONEKAS, EVANS, MCGOEY
& MCEACHIN, L.L.C.
909 Poydras Street, Suite 1600
New Orleans, Louisiana 70112
(504) 680-6065
billy@semmlaw.com

*Attorney for Jason R. Williams*