UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

v.                                          NO. 20-55

JASON WILLIAMS AND NICOLE BURDETT           SECTION "F"

ORDER

Before the Court is a request for expedited hearing on a motion to compel filed by Jason Williams and Nicole Burdett. Mr. Williams and Ms. Burdett request that the Court expedite consideration of their motion to compel to as soon as October 21, 2020. For the reasons that follow, the request for expedited consideration is DENIED.

On October 8, 2020, the Court denied without prejudice the defendants' motion to dismiss the indictment, but the Court granted the defendants' request for a limited evidentiary hearing in aid of their claims of selective and vindictive prosecution. The evidentiary hearing is scheduled for Thursday, October 22, 2020, at 1:30 p.m. On October 16, 2020, Mr. Williams and Ms. Burdett filed a motion to compel in which they seek an order compelling the government to produce Henry Timothy's grand jury testimony

1

along with any instructions or colloquy in which the grand jury was informed about Timothy's inconsistent statements; the defendants contend that this material is favorable to the defense and, therefore, the government is constitutionally obliged to disclose it consistent with Brady v. Maryland, 373 U.S. 83, 87 (1963), Giglio v. United States, 405 U.S. 150 (1972), and their progeny.  Given the timing of the motion to compel, the Court's Local Rules required that the motion be set for the Court's next available hearing date, November 18, 2020.  The defendants now request expedited consideration of their motion to compel so that, if the motion to compel is granted, the defendants will have access to the requested materials in advance of the evidentiary hearing presently set for October 22, 2020 at 1:30 p.m.  The defendants submit that the requested materials are Brady and Giglio material that should be disclosed immediately or, at the latest, well in advance of the January trial.

Before filing the motion to compel, the defendants informally requested that the government produce the Timothy grand jury testimony and any instructions or colloquy regarding his inconsistent statements.  But "[a]s of September 8, 2020," the defendants submit, "the government represented that it ha[d] not received the transcript of Mr. Timothy's grand jury testimony, and that it will only be provided [to defense counsel] as Jencks material the week prior to trial."  The defendants alluded to the

government's position and this dispute in their papers supporting their motion to dismiss, but the issue of whether this material must be disclosed (and, if so, when) was not squarely presented to the Court, which declined to resolve a dispute that was mentioned but not fully briefed.  See Order and Reasons dtd. 10/8/20, p. 46-47 n.31.[1]

Now, by moving to compel disclosure, the defendants directly present for resolution whether the government is wrongfully withholding Brady material.[2]  A troubling suggestion, to be sure, particularly in the context of the defendants' claims for selective and vindictive prosecution.  With only three days until the evidentiary hearing, however, the Court has little time to order the government to respond to the 17-page motion or to consider the government's position -- and perhaps view the requested materials *in camera*, if the government indeed maintains its position that the materials reasonably cannot be considered "favorable" to Mr. Williams and Ms. Burdett -- let alone issue its ruling on the defendants' motion to compel.

---

[1] To be sure, the Court expects (and the Constitution mandates) the government to comply with its Brady obligations without prompting from defense counsel or the Court.  It is the Court's experience that, oftentimes, in an abundance of caution, the government will submit to the Court for *in camera* review any material that the government withholds from the defense but otherwise might reasonably be considered Brady material.
[2] Whether *and* when the requested materials must be disclosed is at issue in the motion to compel.

3

Accordingly, IT IS ORDERED: that the defendants' motion to expedite the hearing on their motion to compel is DENIED. IT IS FURTHER ORDERED: that, if the government opposes the motion to compel, it shall submit its opposition papers no later than Tuesday, October 27, 2020; if the government does not oppose the motion to compel, it shall immediately so advise the Court and shall, within three days, turn over to the defendants the requested materials. IT IS FURTHER ORDERED: that any reply papers must be filed by November 6, 2020. Finally, if the defendants believe that the staggered nature of the hearings will impair their presentation at the upcoming evidentiary hearing, the Court will consider a request for a brief continuance of the evidentiary hearing.[3]

New Orleans, Louisiana, October 19th, 2020

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[3] In the motion for expedited hearing, the defendants argue that not having the requested materials well in advance of trial impacts their ability to effectively prepare for the January trial *and* that being deprived of these materials impairs their ability to adequately present their selective and vindictive prosecution challenge. However, the defendants stop short of suggesting that the evidentiary hearing should not proceed until the Court resolves the motion to compel. Nevertheless, if this is so, the Court will entertain a request to continue the evidentiary hearing.