## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO.  20-cr-00055** |
| | * | **SECT. F. MAG.4** |
| **VERSUS** | * | |
| | * | **JUDGE FELDMAN** |
| **JASON R. WILLIAMS     (01)** | * | |
| **NICOLE E. BURDETT     (02)** | * | **MAGISTRATE JUDGE ROBY** |

### GOVERNMENT'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL

NOW INTO COURT, comes the United States of America, through the undersigned Assistant United States Attorneys, who respectfully oppose the Motion to Compel (Doc. 84) filed by Defendants Jason R. Williams and Nicole E. Burdett for the reasons outlined below.

**I.     Background**

This Court is intimately aware of the factual and procedural background of this matter and the defendants' issues with respect to Timothy Henry's credibility, so an extensive recitation is not necessary.  For purposes of the instant motion, the defendants seek an order from this Court compelling the production of Timothy's grand jury testimony.  Defendants originally sought Timothy's grand jury testimony for the October 22 evidentiary hearing but opted to proceed with the hearing after this Court denied their request for an expedited hearing on the instant motion.  Order, Doc. 86.

**II.     Law and Argument**

    **a.  Defendants are not entitled to Timothy's grand jury testimony at this time.**

Defendants' memorandum recites the pertinent standards governing the production of *Brady* material.  The Government is keenly aware of its obligations under *Brady* and *Giglio* and, as a general matter, readily agrees with the authority cited.  The Government is likewise aware of

its obligations under the Jencks Act. However, the Government disagrees with the defendants' argument as it relates to the interaction of *Brady* and *Giglio* with the Jencks Act. According to defendants, *Brady* and *Giglio* supersede the provisions of the Jencks Act and mandate the immediate production of Timothy's grand jury testimony.

The Government submits that the defendants' argument fails to cite or discuss the pertinent Fifth Circuit authority on the issue. In *United States v. Anderson*, 574 F.2d 1347 (5th Cir. 1978), a defendant was convicted of various crimes in connection with stolen vehicles. One of the assignments of error on appeal was the district court's denial of a motion to dismiss the indictment because the Government had allegedly failed to comply with the Jencks Act and *Brady*. Prior to trial, the defendant had sought the grand jury testimony of a witness. As the Government contends in the instant case, the Government in *Anderson* contended that production of the grand jury testimony in *Anderson* was controlled by the Jencks Act. The Fifth Circuit rejected the defendant's contention, found that the Government had complied with the Jencks Act, and held:

> We need not decide whether the Rose grand jury testimony was required to be disclosed under the Brady doctrine. Even assuming, for the sake of argument, that the Rose grand jury testimony suggesting Simpson's complicity in the theft of the two leased Cadillacs was Brady material, it was, nonetheless, timely provided to defense counsel. It was timely provided for Jencks Act purposes. And, **when alleged Brady material is contained in Jencks Act material, disclosure is generally timely if the government complies with the Jencks Act.**
> Since the government timely complied with the disclosure requirements of the discovery agreement, the Jencks Act, and the Brady doctrine, we cannot accept Anderson's argument that the district court abused its discretion in denying the defense motion to dismiss the indictment.

574 F.2d at 1352 (citations omitted & emphasis added). While *Anderson* may be of some vintage, the conclusion quoted above is still valid. Your Honor quoted the above-emphasized sentence with approval in 2016 in *United States v. Hankton*, 2016 WL 10951283 (E.D. La.). While this Court ordered the Government to produce the Jencks Act material immediately in *Hankton*, it must

2

be noted that the order was entered on the second day of trial.  Other recent cases have cited the *Anderson* standard with approval.  *See generally United States v. Ware*, 2019 WL 2268959 (E.D. Tex.); *United States v. Curious Goods, L.L.C.*, 2014 WL 345235 (W.D. La.) ("The government is not required to produce statements made by prospective government witnesses except as required by 18 U.S.C. § 3500 (the Jencks Act) even if the statements contain *Brady-Giglio* material."); *United States v. Jensen*, 2011 WL 1302908 at *12 (D. Alaska) (quoting *Anderson* with approval and citing Ninth Circuit authority that "*Brady* exists as an independent foundation to preserve evidence and is not intended to override the mandate of the Jencks Act.").  Here, as previously conveyed to counsel, the Government will produce Timothy's grand jury testimony at least three days before the start of trial.  This is in contrast to Special Agent Tim Moore's grand jury testimony, which this Court ordered be produced in connection with the October 22 evidentiary hearing since SA Moore was called to testify at that hearing.

     Defendants cite a handful of cases for the proposition that *Brady* and *Giglio* require the immediate production of grand jury materials.  Such authority does not change the analysis under the standard discussed above from *Anderson*.  *Thibodeaux v. Normand*, 2016 WL 7033674 (E.D. La.), involved a Section 1983 suit against the sheriff of Jefferson Parish alleging that the plaintiff had been seized without probable cause and that the plaintiff's interrogation was unconstitutional and produced a false confession.  The pertinence of *Thibodeaux* to the question before the Court is cast into doubt when the discussion *after* the language quoted by the defendants is reviewed: "Further, the Court finds that the interest in secrecy of this grand jury transcript has diminished.  The grand jury proceedings occurred **over twenty years ago**.  And while the investigation of Ms. Champagne's murder may be ongoing, **the trial arising out of the grand jury proceedings has come and gone**." 2016 WL 7033674 at *7 (emphasis added).  The quoted language from *Taylor*

3

*v. Cain*, 2007 WL 1805668 (E.D. La.), was a reference to a Louisiana state court case recognizing a jurisprudentially created third exception to the grand jury secrecy provisions in Louisiana Code of Criminal Procedure Article 434.  The language quoted from *United States v. Turner*, 2007 WL 1031691 (W.D. Wash.), did not discuss the Jencks Act, although a reference to Jencks was not necessary because the Court ordered the production of the requested material no later than seven days before trial.

Again, the Government is mindful of its obligations under *Brady*, *Giglio*, and the Jencks Act.  Most of the information upon which the defendants base their attack on Timothy's credibility derived from reports and documents produced by the Government in discovery.  The Government has produced many thousands of pages in discovery and will produce the transcript of Timothy's grand jury testimony as required by the Jencks Act.  The defendants are not entitled to Timothy's grand jury testimony at this time.

> **b. Defendants are not entitled to Timothy's grand jury testimony because they believe the Government failed to present exculpatory evidence to the grand jury.**

The standards applicable to the grand jury process and the dismissal of indictments for alleged irregularities should sound familiar to this Court and counsel for Williams.  In *United States v. Hoffman*, 2015 WL 1608557 (E.D. La.), three defendants were charged in a financial fraud case arising out of a scheme to defraud the State of Louisiana through their participation in the state's infrastructure tax credit program.  The defendants sought to dismiss a second superseding indictment because, according to the defendants, the grand jury was incorrectly instructed on the state tax credit program.  They also asserted that the grand jury had erroneously considered hearsay testimony from the case agent regarding state law requirements for tax credit applications and the state forensic auditor's erroneous testimony about expenditure requirements.

Denying the motion to dismiss, this Court thoroughly summarized the grand jury's role and the limitation on courts to inquire into the grand jury process:

> Honoring its tradition of independence, "the grand jury has been accorded wide latitude to inquire into violations of criminal law." *United States v. Calandra*, 414 U.S. 338, 345 (1974). Significantly, "[t]he grand jury's sources of information are widely drawn, and the validity of an indictment is not affected by the character of the evidence considered." *Id.* at 344-45. Indeed, it is well settled that an indictment may be based entirely on hearsay and prosecutors may use leading questions before the grand jury. *Costello v. United States*, 350 U.S. 359, 363 (1956); *United States v. Weiss*, 752 F.2d 777, 786 (2d Cir. 1985). **"Thus, an indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence."** *Calandra*, 414 U.S. at 345; *Costello*, 350 U.S. at 363 ("An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits."). **"A defendant has no right to require that the Government present all available evidence at this proceeding."** *United States v. Brown*, 574 F.2d 1274, 1275 (5th Cir. 1978). "A court should not inquire into the sufficiency of the evidence before the indicting grand jury, because the grand jury proceeding is merely a preliminary phase . . . and all constitutional protections are afforded at trial." *See United States v. Valencia-Lucena*, 925 F.2d 506, 511 (1st Cir. 1991); *see also United States v. Cruz*, 478 F.2d 408, 412 (5th Cir. 1973) ("We will not review the sufficiency of the evidence, if any, supporting the grand jury indictments in this case.").

2015 WL 1608557 at *2 (emphasis added).

Footnote 5 from the *Hoffman* ruling is also enlightening in that it articulates the longstanding rule that the Government is not required to present exculpatory information to the grand jury and cites the Supreme Court's decision in *United States v. Williams*, 504 U.S. 36, 112 (1992). The Court noted that "requiring the prosecutor to present exculpatory as well as inculpatory evidence would alter the grand jury's historical role, transforming it from an accusatory to an adjudicatory body." 504 U.S. at 51. "It is axiomatic that the grand jury sits not to determine guilt or innocence, but to assess whether there is adequate basis for bringing a criminal charge. That has always been so; and to make the assessment that it has always been thought sufficient to hear only the prosecutor's side." *Id.* (citation omitted). In another Eastern

5

District case, Judge Milazzo denied a motion to dismiss an indictment based on the rule articulated in *Williams*. *United States v. Scott*, 2018 WL 3642006 at *4 (E.D. La.).

The defendants' memorandum does not cite *Hoffman*,[1] much less the Supreme Court's decision in *Williams*, or the Fifth Circuit authority cited by this Court in *Hoffman*. Even if the Government had failed to disclose certain allegedly exculpatory evidence to the grand jury, dismissal would not be proper. This Court noted that the defendants in *Hoffman* conceded that the Government had no duty to present exculpatory evidence and that the Government can obtain an indictment based on hearsay and other unreliable evidence and expected "vigorous cross-examination" of the witnesses. *Hoffman*, 2015 WL 1608557 at *3 note 3. The same reasoning should apply here.

WHEREFORE, the Government respectfully requests that the Court deny Defendants' Motion to Compel for the reasons stated above.

    Respectfully submitted,

    ALEXANDER C. VAN HOOK
    Acting United States Attorney
    Western District of Louisiana

BY:   /s/ Kelly P. Uebinger
       KELLY P. UEBINGER, (Bar No. 21028)
       Assistant United States Attorney
       800 Lafayette Street, Suite 2200
       Lafayette, LA 70501
       Telephone: (337) 262-6618

BY:   /s/ David J. Ayo
       DAVID J. AYO, (Bar No. 28868)
       Assistant United States Attorney
       800 Lafayette Street, Suite 2200
       Lafayette, LA 70501
       Telephone: (337) 262-6618

---

[1] It would be understandable if an unpublished decision is not cited; however, Mr. Gibbens was counsel of record in that case.