UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO: 20-55** |
| v. | * | **SECTION: "F" (4)** |
| **JASON R. WILLIAMS** | * | |
| **NICOLE E. BURDETT** | | |
| * * * | | |

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF RENEWED MOTION TO DISMISS**

**A.   The government has singled out Jason Williams and Nicole Burdett for improper reasons.**

The selective and vindictive prosecution of Jason Williams and Nicole Burdett began in 2018 when the government decided to interview Mr. Williams as a witness in its investigation of Henry J. Timothy, a tax preparer who had been taking improper Schedule C deductions on behalf of hundreds of clients.  When the government realized Mr. Williams was a public official and a declared progressive candidate for Orleans Parish District Attorney, it immediately instructed its agents <u>not</u> to interview Mr. Williams as a witness in the Timothy investigation; referred Mr. Williams to an IRS "public corruption" investigator; and opened a full-fledged criminal tax investigation under the false pretense that the FBI was already pursuing a legitimate, ongoing public corruption case.  Disturbingly, all of this was initiated by IRS agents who had not even seen Mr. Williams' tax returns.

In its zeal to target Mr. Williams, the government abandoned its original investigation into Mr. Timothy for taking improper deductions for a large majority of his clients in favor of the strained theory that Mr. Timothy took improper deductions for Mr. Williams only at Mr. Williams' request.  However, as the defendants have previously pointed out in detail, the government's own objective evidence makes clear that Mr. Williams was similarly situated to hundreds of other

1

Timothy clients and that Mr. Timothy was taking the same, excessive deductions for all of them. The single difference was that, out of all of Mr. Timothy's clients, only Mr. Williams was an elected official and a declared progressive candidate for Orleans Parish District Attorney.

And federal law enforcement's hostility to progressive candidates like Mr. Williams is no secret. Indeed, at a speech in New Orleans on August 12, 2020—the first day of absentee voting for the Orleans Parish District Attorney's election—the United States Attorney General stated:

> There is another development that is demoralizing to law enforcement and dangerous to public safety. That is the emergence in some of our large cities of District Attorneys that style themselves as "social justice" reformers, who spend their time undercutting the police, letting criminals off the hook, and refusing to enforce the law.

Ex. "A."

True to the Attorney General's word, Mr. Williams' declared candidacy as a progressive district attorney has been a motivating factor in every step of this prosecution. First, the government opened its criminal tax investigation almost immediately after Mr. Williams announced his candidacy—indeed, the newspaper article in which Williams declared that he was running as a reformist was an exhibit to the IRS's grand jury authorization request. Second, the government proceeded with its meritless case despite Mr. Williams' request in January 2020 that it not take action that would interfere with the November 2020 election. Third, in spite of that request, the government convened a special grand jury in the middle of the summer pandemic lockdown to indict Mr. Williams and Ms. Burdett on June 26, 2020, less than a month before the election qualification deadline. Fourth, the Attorney General made the above-referenced speech in New Orleans on August 12, 2020, the first day of absentee voting. And most recently, the government has made clear that it plans to indict Ms. Burdett in a second tax case on December 4, 2020, the day before the runoff in the Orleans Parish District Attorney's race.

Based on these actions, the government's motivation behind its pursuit of Mr. Williams could not be clearer.  In addition, the government's behavior blatantly violates the Department of Justice's own policies on political sensitivities during an election year; and when the government violates its own internal policies, or undertakes additional discretionary steps to prosecute specific defendants out of a large class of similarly-situated individuals, that constitutes evidence that the "decision to prosecute . . . was motivated by an improper purpose or was in bad faith." *United States v. Hoover*, 727 F.2d 387, 389 (5th Cir. 1984).

**B.    Henry Timothy's grand jury testimony is further evidence of selective and vindictive prosecution.**

If there were any doubt about the government's selectiveness and vindictiveness, the October 22, 2020 evidentiary hearing laid bare the prosecution's pretextual investigation.  As the defendants set forth in their previous pleadings, by January 2019, Mr. Williams had been placed under a full-fledged grand jury criminal tax investigation that was (1) initiated by a supervisory agent who had not seen Williams' taxes and who had interfered with the investigation of tax preparer Henry J. Timothy, (2) referred to a "public corruption" agent who privately admitted to his supervisor that the public corruption charges were meritless, and (3) advanced on a false theory of obstruction and intimidation.  In addition, the government blinded itself to the obvious truth about Mr. Timothy—that he was taking aggressive and improper deductions for all his clients, not at the request of Mr. Williams and Ms. Burdett as the government alleges.

Although not a surprise, the recently disclosed grand jury testimony of Henry J. Timothy shows how far the government was willing to go to secure its indictment.  In charging Mr. Williams and Ms. Burdett, the government did more than just abandon its original investigation into Henry J. Timothy.  Not satisfied with simply ignoring or glossing over the obvious objective evidence about what Timothy was doing for all his Schedule C clients, the government pretended that its

3

original investigation never existed. In its brief, 24-minute questioning of Mr. Timothy before the grand jury, the government presented a convenient, clear-cut case: Mr. Timothy took illegal deductions because Mr. Williams and Ms. Burdett instructed him to. *See* Ex. "B."

But the government knew this testimony was false and misleading:

• The government failed to inform the grand jury that Mr. Timothy had been under investigation for taking improper Schedule C deductions for hundreds of clients. Instead, the government misled the grand jury that Timothy committed crimes for Mr. Williams alone.

• The government failed to disclose that Mr. Timothy originally said he treated Mr. Williams the same as all his clients. Instead, the government misled the grand jury into thinking that Mr. Timothy had a consistent story from day one.

• Even worse, the government did not reveal that Mr. Timothy changed his story only after being threatened by FBI and IRS agents. Instead, the government inaccurately portrayed Mr. Timothy as a willing, cooperative witness.

• The government allowed Mr. Timothy to testify that he provided draft returns for Mr. Williams to review and criticize, but it did not tell the grand jury that there was no evidence that draft returns were ever prepared.

• Nor did the government question Mr. Timothy about falsely holding himself out as a CPA.

Mr. Timothy's grand jury transcript is just another piece of evidence proving that Jason Williams and Nicole Burdett were improperly selected for prosecution. Once the government targeted Mr. Williams, it erased any evidence contradicting its theory and misled the grand jury into indicting him on June 26, 2020, during the summer COVID lockdown and less than a month before qualifying for the District Attorney's race closed.

**C.     The Court should dismiss the indictment.**

The government's selective and vindictive prosecution has been rife with pretext, misrepresentations, and political motivations. From the very beginning, the government implausibly contended that its June 26, 2020 indictment had nothing to do with the Orleans Parish District Attorney's race. Instead, it justified that date with a purportedly near-prescribed count for failing to file a Form 8300—a charge that has not been brought in the Eastern District of Louisiana in nearly half a century. Next, the government presented the Court with numerous inconsistent explanations for why it opened its investigation into Mr. Williams in the first place, including several that were flatly contradicted by the government agents who testified on October 22. As revealed at the evidentiary hearing, the true reason for opening the investigation was that the IRS found out Mr. Williams was a public official and declared political candidate. Third, the government opened its full-fledged grand jury investigation under the false pretense that the IRS was joining a legitimate, active FBI investigation that the lead IRS agent privately admitted was without merit. And finally, we now know that the government actively misled the grand jury into returning an indictment by concealing material information about Henry J. Timothy.

The Court should reject the government's false justifications for pursuing Mr. Williams and Ms. Burdett in favor of the obvious reason: that the government transformed Mr. Williams from a witness to a target solely because he was a public official and a declared progressive candidate for district attorney. This illegitimate basis constitutes selective and vindictive prosecution, and the Court should dismiss the indictment.

                                                             Respectfully submitted,

| | |
|---|---|
| *s/Michael W. Magner* | */s/ William P. Gibbens* |
| MICHAEL W. MAGNER (#1206) | William P. Gibbens, 27225 |
| AVERY B. PARDEE (#31280) | SCHONEKAS, EVANS, MCGOEY |
| Jones Walker LLP | & MCEACHIN, L.L.C. |
| 201 St. Charles Ave., Suite 5100 | 909 Poydras Street, Suite 1600 |
| New Orleans, LA 70170 | New Orleans, Louisiana 70112 |
| Telephone (504) 582-8316 | |
| apardee@joneswalker.com | (504) 680-6065 |
| mmagner@joneswalker.com | billy@semmlaw.com |
| | |
| *Attorneys for Nicole E. Burdett* | *Attorney for Jason R. Williams* |