UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | | * | CRIMINAL NO. 20-cr-00055 |
|---|---|---|---|
| | | * | SECT. F. MAG.4 |
| VERSUS | | * | |
| | | * | JUDGE FELDMAN |
| JASON R. WILLIAMS | (01) | * | |
| NICOLE E. BURDETT | (02) | * | MAGISTRATE JUDGE ROBY |

## GOVERNMENT'S REPLY TO DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF RENEWED MOTION TO DISMISS

The United States of America, through the undersigned Assistant United States Attorneys, submit this short reply to the Supplemental Memorandum in Support of Renewed Motion to Dismiss (Doc. 99) filed by Defendants Jason R. Williams and Nicole E. Burdett. The Government does not seek to provide an exhaustive counterpoint to all of the defendants' contentions as this Court has had the benefit of extensive briefing on the issues and testimony from the witnesses pertinent to the claims of selective and vindictive prosecution. The Government merely wishes to articulate the legal standard applicable to the single new issue raised by defendants, namely, that the Government had an obligation to present to the grand jury all possible evidence that could possibly be construed as exculpatory. Specifically, defendants contend that the Government should have advised the grand jury of the full extent of its investigation of Henry Timothy, that at one time Timothy said that he had treated Williams the same as his other clients, and that Timothy had changed his story only after being "threatened." Supplemental Memorandum at 4, Doc. 99. The Government also allegedly allowed Timothy to testify about draft returns and did not ask Timothy about falsely holding himself out as a Certified Public Accountant. *Id*. As this Court can see from the transcript, the grand jury members were given the opportunity to ask whatever questions they wanted of Timothy and declined.

The most favorable characterization of the list of alleged defects in Timothy's grand jury testimony is that it would be fodder for impeachment. The Government was not required to present to the grand jury evidence that a defendant believes is impeachment evidence. *See generally United States v. Jones*, 766 F.2d 994, 998 n.1 (6th Cir. 1985) ("Second, there is no requirement that the prosecution present impeachment evidence before the grand jury with respect to witnesses called before that body."); *United States v. McCollough*, 855 F. Supp. 882, 886 (W.D. La. 1994) (citing *United States v. Williams*, 504 U.S. (1992), for proposition that "dismissal is only supported where there is shown prejudice to the defendant by an intentional disregard of the defendant's rights by a member of the government's team. Failure to disclose exculpatory or impeachment evidence is not such a violation."); *United States v. Kalevas*, 622 F. Supp. 1523, 1525 (S.D.N.Y. 1985) ("Similarly, the prosecution is under no obligation to present evidence of the backgrounds of witnesses appearing before the grand jury since impeach evidence would not constitute substantial evidence negating other proof offered to establish probable cause that the defendant committed the crimes charged.").

Likewise, the Government is not obligated to present exculpatory evidence to the grand jury. The Government included in its opposition (Doc. 88) to the defendants' Motion to Compel (Doc. 84) the authority stating that an indictment is not subject to challenge because the grand jury acted on the basis of inadequate or incompetent evidence or that the Government is required to present all available evidence to the grand jury. The authority cited by this Court in its decision in *United States v. Hoffman*, 2015 WL 1608557 (E.D. La.), is thorough and, the Government submits, dispositive. The Supreme Court has clearly stated that "requiring the prosecutor to present exculpatory as well as inculpatory evidence would alter the grand jury's historical role,

transforming it from an accusatory to an adjudicatory body." *United States v. Williams*, 504 U.S. 36, 51. Defendants' original—and now renewed—motion seeks to do precisely that.

The alleged defects in Timothy's grand jury testimony—be it exculpatory or impeachment—is not probative of the question of selective or vindictive prosecution such that the indictment should be dismissed. If it was probative, all defendants could contend that the alleged failure to present exculpatory or impeachment evidence was proof of vindictive prosecution, and therefore all indictments could be subject to exhaustive motion practice, as has been the case here. There is no evidence of selective or vindictive prosecution because there is none, and defendants' characterization of Timothy's grand jury does not change the analysis at all. Defendants' argument ignores the fact that the Government could have made the necessary probable cause showing with just Special Agent Timothy Moore's testimony.

                Respectfully submitted,

                ALEXANDER C. VAN HOOK
                Acting United States Attorney
                Western District of Louisiana

BY:   /s/ Kelly P. Uebinger
        KELLY P. UEBINGER, (Bar No. 21028)
        Assistant United States Attorney
        800 Lafayette Street, Suite 2200
        Lafayette, LA 70501
        Telephone: (337) 262-6618

BY:   /s/ David J. Ayo
        DAVID J. AYO, (Bar No. 28868)
        Assistant United States Attorney
        800 Lafayette Street, Suite 2200
        Lafayette, LA 70501
        Telephone: (337) 262-6618