UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | NO. 20-55 |
| JASON WILLIAMS AND NICOLE BURDETT | SECTION "F" |

ORDER

Before the Court are two motions: (1) the defendants' motion to dismiss indictment and stay proceedings due to jury selection violations, which is presently set for hearing on March 31, 2021; and (2) the Clerk of Court's motion to intervene or proceed as *amicus curiae*, which is presently set for hearing on March 3, 2021. For the reasons that follow, the hearing on the defendants' motion to dismiss is hereby continued, and the Clerk of Court's motion is DENIED without prejudice.

In the motion to dismiss indictment, Jason Williams and Nicole Burdett adopt another defendant's challenge to this District's jury selection plan;[1] the issues and arguments advanced by the

---

[1] They did so within three days of learning about the pending challenge to the District's jury selection plan. 28 U.S.C. § 1867 mandates that a defendant file a motion to dismiss the indictment or stay proceedings within seven days of discovery of the grounds

1

Case 2:20-cr-00055-MLCF-KWR   Document 131   Filed 03/02/21   Page 2 of 3

defendants are being litigated in other Sections of Court, foremost before Judge Ashe in Criminal Action Number 16-32, <u>United States v. Age, et al.</u>  Mr. Williams and Ms. Burdett reasonably suggest that the Court defer ruling on their motion to dismiss until Judge Ashe resolves whether the jury selection plan complies with the Jury Selection and Service Act of 1968 and the U.S. Constitution. Judge Ashe has scheduled a May 27th hearing on Mr. Age's motion to quash the indictment and stay proceedings.

There is no dispute that the facts predicating the defendants' motion will be fully developed before Judge Ashe.  The defendants, the government, and the Clerk of Court appear to agree that this Court's resolution of the motion to dismiss can and should await development and resolution of identical issues pending before Judge Ashe.  For this reason, a continuance of the hearing on the defendants' motion to dismiss is warranted.

In the meantime, the Court need not duplicate efforts undertaken in other proceedings.  As for the Clerk of Court's motion seeking intervention or to proceed as *amicus curiae*, the defendants and the government oppose the specific relief requested.  To be sure, intervention in a criminal case is extraordinary and permissible only in limited circumstances not

---

of "substantial failure to comply with the provisions of this title in selecting the grand or petit jury."

2

presented here.  Counsel for the Clerk's Office concedes as much in its reply paper, retreating from its request for formal intervention in favor of a more limited request seeking (advance) leave to "submi[t] factual data regarding the jury summoning process";[2] that is, the Clerk's Office seeks permission to submit to the Court "in whatever format the Court deems appropriate" statistical data relevant to the pending motion to dismiss.[3]

IT IS ORDERED: that the Clerk's motion seeking intervention or to proceed as *amicus curiae* is hereby DENIED without prejudice to a future request at the appropriate time seeking leave to submit a report or papers and statistical data relevant to the defendants' motion to dismiss.

IT IS FURTHER ORDERED: that the hearing on the defendants' motion to dismiss is hereby continued to June 23, 2021, on the papers, unless otherwise ordered.

New Orleans, Louisiana, March 2, 2021

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[2] Apparently, the government does not plan to challenge the statistical data presented by the defendants in support of motions to dismiss and, therefore, the Clerk's Office seeks to participate in limited fashion to submit statistical data associated with the challenged jury selection process.

[3] The Clerk of Court has identified no obstruction to filing either the motion to intervene or the motion seeking leave to file reply in this matter.

3