UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | NO. 20-55 |
| JASON WILLIAMS AND NICOLE BURDETT | SECTION "F" |

ORDER AND REASONS

Before the Court is Jason Williams' and Nicole Burdett's motion to dismiss indictment and stay proceedings due to jury selection violations. For the reasons provided by Judge Ashe on June 2, 2021 in Record Document 529 of Criminal Action Number 16-32, United States v. Age, the motion is DENIED.

**Background**

Joining other defendants indicted in other Sections of this Court, Jason Williams and Nicole Burdett challenge the constitutionality of the Clerk of Court's jury selection process and the Clerk's alleged failure to comply with the provisions of the Jury Service and Selection Act. Mr. Williams and Ms. Burdett adopt arguments advanced by Louis Age, Jr. (and his co-defendants) in Criminal Action Number 16-32, United States v. Age, et al., pending before Judge Ashe in another Section of this Court. There, Mr. Age contended that the grand jury returned an indictment that

1

"was not drawn from a fair cross-section of the community" and thus violated the fair cross-section guarantee of the Sixth Amendment; that "the systemic exclusion of black prospective jurors is inherent in the jury selection method used in the Eastern District of Louisiana"; and that the method of jury selection by the Clerk's Office is "systematically biased against fair and reasonable representation of the black community." In a comprehensive and amply supported 33-page opinion, Judge Ashe determined that these contentions were unfounded and, therefore, denied the defendants' motion to quash the indictment.

I.

Jason Williams and Nicole Burdett now move to dismiss the tax fraud indictment due to alleged improprieties in the jury selection process implemented by the Clerk's Office for this Court.[1] Adopting in full other defendants' arguments, Mr. Williams and Ms. Burdett request that the Court dismiss the pending indictment and stay all proceedings in this case "until the method of jury selection adopted in this [Eastern] District is reformed to meet the requirements of the Sixth Amendment and the Jury Selection and Service Act of 1968 ("JSSA"), 28 U.S.C. §§ 1861, et seq." For its

---

[1] This Order and Reasons assumes familiarity with extensive prior proceedings. Given the generic nature of the defendants' challenge (and the government's response), the Court need not revisit the specifics of the indictment pending in Criminal Action Number 20-55 to resolve the adopted motion.

2

part, the government adopts the opposition papers filed in the Age case.  Given the complete identity of issues, it urges the Court to adopt Judge Ashe's ruling and deny the motion to dismiss.  The Court does so now.

This Section of Court hereby incorporates by reference Judge Ashe's Order and Reasons dated June 2, 2021.  The Court adopts in full the entirety of the June 2 Order and Reasons, including Judge Ashe's summary of the jury selection challenge presented; his summary of the evidence presented by the parties and produced by the Clerk (a record which Judge Ashe aptly observed "contain[ed] no real conflicts"); his summary of the law including the Sixth Amendment fair-cross-section guarantee and the mandate of the JSSA; and his ultimate determination and supporting reasons finding that (i) the defendants have not carried their burden of demonstrating a Sixth Amendment violation in the jury-selection process utilized to select the grand jury that indicted the defendants; and (ii) the defendants have not carried their burden of proving a *prima facie* JSSA violation.

Having reviewed the Order and Reasons and the relevant portions of the record, and having considered the arguments and submissions by the parties and the Clerk, this Section of Court wholly agrees with Judge Ashe that "there is absolutely no evidence that there have been any improprieties in the selection process or

that jurors have been selected in a non-random manner." Id. at 32.[2] That this district proactively is examining other federal courts' plans and procedures "to identify best practices for encouraging and maximizing the return, and rates of return, of completed juror qualification forms" will surely "enhance and advance the district's goal of selecting juries from a fair cross-section of its community." Id. at 33.

For the reasons provided by Judge Ashe in the opinion incorporated by reference and filed into the record here as an exhibit to this Order and Reasons, IT IS ORDERED: that the motion to dismiss is DENIED.

New Orleans, Louisiana, June 23, 2021

_____
MARTIN C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[2] As Judge Ashe did, the Court underscores that: (a) as to the relevant master jury wheel, which is derived from the district's voter rolls, the defendants conceded that the race report for the master wheel indicated that it had a racial makeup consistent with that of the district; (b) as to the qualified jury wheel, the defendants' argument that an 11.84% absolute disparity is intolerable simply fails as a matter of law in the Fifth Circuit. Similarly, the Court echoes Judge Ashe's emphasis on the significance of the unreturned juror qualification form factor. The defendants simply fail to persuade how the Clerk might control this non-random, external factor. As Judge Ashe observed, systemic exclusion is simply "not present when the underrepresentation is due to external forces" ... not to mention that a facially neutral selection process, which Judge Ashe found and this Section of Court finds here, renders systemic exclusion unlikely. See id. at 21-29, 31.

4