UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO.  20-cr-00055 |
| | * | SECT. F. MAG.4 |
| VERSUS | * | |
| | * | JUDGE FELDMAN |
| JASON R. WILLIAMS     (01) | * | |
| NICOLE E. BURDETT     (02) | * | MAGISTRATE JUDGE ROBY |

**GOVERNMENT'S REPLY TO DEFENDANT JASON R. WILLIAMS' OPPOSITION TO NOTICES OF INTENT TO INTRODUCE INTRINSIC AND RULE 404(b) EVIDENCE**

NOW INTO COURT comes the United States of America, through the undersigned Assistant United States Attorneys, who respectfully responds to the Defendant's opposition as follows.

**I.     Evidence Concerning the Prior Tax Years is Both Inextricably Intertwined Evidence of the Conspiracy/False Tax Returns and Proper 404(b) Evidence**

Prior to even meeting Henry Timothy, the defendant, Jason Williams, engaged in a more than decade long battle with the Internal Revenue Service.  Williams has a history of failing to timely comply with filing and payment obligations.  This is not a case of someone filing a tax return a little late or forgetting to send the return in timely.  For tax year 2002, Williams filed his return three years late and did not pay his tax liability for that year in full until 2013, more than eleven years after it was due.  For tax year 2004, his tax liability was not paid until 2013, ten years after it was due.   A similar pattern repeated itself for many years, resulting in levies and liens.  When Williams met Henry Timothy in 2010, he asked Timothy to amend his returns filed for tax years 2002 through 2008, which Henry Timothy agreed to do.  In order to accomplish this, Henry Timothy increased business expenses and itemized deductions, thus reducing Williams' tax

liability. These amended returns resulted in years of reduced tax liability for Williams. After seeing what Henry Timothy could accomplish, Williams then asked him to prepare his tax returns for the years 2010 through 2017. Thus, the filing activity and history of the earlier return years are clearly inextricably intertwined in the charged conspiracy to defraud the United States and the filing of the false tax returns for years 2012-2017, as charged in the indictment.

It is necessary for the Government to present evidence and testimony regarding Williams' decades long battle with the IRS to show his noncompliance with IRS rules and regulations and to explain his decision to use Henry Timothy to file amended returns in order to reduce his tax liability. Williams' motive for hiring Henry Timothy was to reduce what he already owed and to put to an end his IRS battles by filing fraudulent returns which reflected that he had very little tax liability. The Fifth Circuit has repeatedly held that Rule 404(b) is only implicated when the offered evidence is extrinsic; evidence intrinsic to the charged offense does not implicate Rule 404(b). *United States v. Crawley*, 533 F.3d 349, 353-54 (5th Cir. 2008); see also *United States v. Rice*, 607 F.3d 133, 141 (5th Cir. 2010). Evidence is considered to be intrinsic when the prior act was a "necessary preliminary" of the crime charged. *United States v. Williams*, 900 F.2d 823, 825 (5th Cir. 1990). The filing of the earlier returns and the subsequent filing of the amended returns are "necessary preliminaries to the crime charged." *United States v. Yi*, 460 F.3d 623, 632 (5th Cir. 2006), quoting *United States v. Freeman*, 434 F.3d 369, 374 (5th Cir. 2005). Intrinsic evidence is generally admissible "so that the jury may evaluate all the circumstances under which the defendant acted." *United States v. Royal*, 972 F.2d 643, 647 (5th Cir. 1992), quoting *United States v. Randall*, 887 F.2d 1262, 1268 (5th Cir. 1989).

As the defense has repeatedly stated, Williams' defense at trial will be that he relied on the advice of Henry Timothy when filing his returns. Prior to hiring Timothy, during the more than

decade long battle that Williams had with the IRS, he personally interacted with the IRS on the phone and in writing. It is crucial for the Government to be able to show these earlier interactions with the IRS so that the jury can evaluate all of the circumstances which led to the defendant committing tax fraud with Henry Timothy and Nicole Burdett. Defense counsel has also repeatedly stated that during trial, their defense will be that Henry Timothy is the only culpable person and that he decided to submit fraudulent returns on Mr. Williams' behalf, without any input or knowledge on the part of the defendant. The defendant's extensive history with the IRS and his personal involvement with those issues over the course of many years is relevant and probative to prove his knowledge of tax laws and regulations. The jury is entitled to know all of the circumstances surrounding his earlier issues and personal involvement which are necessary preliminaries to the counts charged in the indictment. After haggling with the IRS for years, Williams wants the jury to believe that he then put his taxes in the hands of Henry Timothy, someone who he repeatedly labels as having credibility issues, with no questions asked. Any testimony and evidence concerning the prior tax years are relevant evidence and admissible under Rules 402 and 403 and is not subject to Rule 404(b) analysis. However, as the Government has repeatedly stated, if the Court chooses to do a 404(b) analysis, this evidence still comes in as proof of the defendant's knowledge, intent, willfulness, and absence of mistake. (see *United States v. Ramsey*, 383 F. App'x 495 5th Cir. 2010).

    **II.**    **There is Similarity Between the Other Acts Evidence and the Charged Offenses**

Between 2002 and 2009, Williams failed to timely file his 1040 tax returns seven times during this eight-year period. The failure to timely file and timely pay is also a Title 26 violation, as is the filing of false returns. In each of these instances, Williams could have been charged with violating 26 U.SC. § 7203. The fact that he was not charged, does not make his conduct any more

3

legal.  Further, one late return, possibly two, by a few months, could be seen as carelessness or negligence, seven delinquent returns in an eight-year period is a pattern supporting willfulness.  It is also inaccurate for defense to argue that because Williams' behavior regarding the earlier returns "is characterized by neglect or carelessness which is why they resulted in civil delinquency and accuracy penalties only." Civil penalties are typically assessed automatically when a return comes in delinquently with a balance due.  Just because the government decided not to pursue criminal charges on the prior returns does not mean that Williams was negligent as opposed to willful.   As stated above, the prior history and pattern of non-compliance is relevant to proving intent and willfulness, and the fact that he was only assessed civil penalties for that conduct does not take away from its probative value. In fact, part of the testimony will be detailing how much effort the IRS expends to get a taxpayer to pay what is owed before resorting to the issuance of levies and liens.  The fact that the IRS had to take these measures with Williams, is further evidence of the fact that Williams was willful in his decision to defraud the United States and to file the false tax returns.

The time separating the offenses is also not a factor.  The charged conduct involves the tax years of 2013-2017. The 2002 tax liability was not paid until 2013 and the 2004 tax liability was not paid until 2014.  The 2007 and 2008 tax years were not fully paid until 2014, while the tax liens filed for 2002,2003 and 2005 through 2007 were not released until 2015, all years which overlap with the tax conduct.  In addition, the evidence concerning the other years can easily be presented with one witness from the IRS and tax transcripts and tax returns.

> **III. Williams' 2018 and 2019 1040 returns are also inextricably intertwined and are proper 404(b) evidence**.

Williams' returns for 2018 and 2019, which were prepared by CPAs show a stark contrast to the returns filed by Henry Timothy. The Schedule C expenses were dramatically reduced, and

4

Williams owed more than $97,000 in 2018 and more than $300, 000 to the IRS in 2019, which he has failed to pay because he has a pattern of refusing to comply with IRS laws.  In 2018, Williams needed to reflect that his business generated income, in order to qualify for a loan to purchase his 1.4 million St. Charles Avenue mansion.  (the Government possesses documents from the mortgage company and the CPA concerning this very issue).  He specifically sought out a reputable CPA who prepared that return, so that his mortgage would get approved.  This fact shows Williams' knowledge and lack of any mistakes on his part when it comes to his taxes.  In 2019, although the defendant had more than 1.2 million in income, he still owes the IRS more than $300,000 solely from that tax year, again reflecting a pattern of willfully refusing to pay the IRS what he owes. This is not a situation where a person is struggling to make ends meet, as he clearly had the income to pay his taxes for 2019, but he simply refuses to comply. The introduction of these returns also does not create any undue prejudice, given the fact that these are Williams' returns, which he filed and signed under penalty of perjury.

In *United States v. Luttrell*, 612 F.2d 396 (8th Cir. 1980), the defendant was convicted of failing to file tax returns for years 1974 and 1975.  During the trial, the government introduced evidence of his failure to timely file tax returns in three subsequent years.  Affirming the conviction, the Eighth Circuit, relying on Rule 404(b), found there was no abuse of discretion in the district court's admission of evidence regarding the defendant's income tax filings for the years preceding and following the years in which his conviction was based.  *Id.*, citing *United States v. Thompson*, 513 F.2d 577, 579 (8th Cir. 1975); *United States v. Johnson*, 386 F.2d 630, 631 (3d Cir. 1967); *United States v. Stout*, 601 F.2d 325, 329 (7th Cir. 1979).  In *United States v. Farris*, 517 F.2d 226 (7th Cir. 1975), the defendant was charged with failure to file returns for the years 1969, 1970 and 1971.  The defendant argued it was error to permit the government to introduce

5

evidence of his failure to file returns both prior and subsequent to the tax years charged. The conviction was affirmed and the Seventh Circuit concluded that there was no error in admitting evidence regarding years prior to and subsequent to the charged tax years. The Seventh Circuit concluded, "[h]ere as in *Ming* the other offenses involved were identical to those charged and there was no hiatus in regard to either the prior or subsequent offenses in relation to the indictment offenses." [1] *Id*. at 229. The Eleventh Circuit engaged in a similar analysis in *United States v. Sroufe*, 579 F. App'x 974 (11th Cir. 2014), when it concluded no error occurred when the government introduced similar acts that had occurred before and after the charged tax offenses. See also *United States v. McKee*, 942 F.2d 477 (8th Cir. 1991).

In conclusion the Government respectfully requests that the Court allow it to introduce evidence and testimony concerning the defendant's prior tax return filing history beginning in 2002 and his subsequent tax returns in 2018 and 2019, as proper other acts evidence in order to prove his motive, intent, willfulness, knowledge and absence of mistake.

Respectfully submitted,

ALEXANDER C. VAN HOOK
Acting United States Attorney
Western District of Louisiana

BY:   /s/ Kelly P. Uebinger
KELLY P. UEBINGER, La. Bar No. 21028
DAVID J. AYO, La. Bar No. 28868
JESSICA D. CASSIDY, La. Bar No. 34477
Assistant United States Attorneys
800 Lafayette Street, Suite 2200
Lafayette, LA 70501
Telephone: (337) 262-6618

---

[1] *United States v. Ming*, 466 F.2d 1000 (7th Cir. 1972).

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO.  20-cr-00055** |
| | * | **SECT. F. MAG.4** |
| **VERSUS** | * | |
| | * | **JUDGE FELDMAN** |
| **JASON R. WILLIAMS      (01)** | * | |
| **NICOLE E. BURDETT      (02)** | * | **MAGISTRATE JUDGE ROBY** |

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing Government's Reply to Defendant Jason R. Williams' Opposition to Notices of Intent to Introduce Intrinsic and Rule 404(B) Evidence is being filed with the Clerk of Court using the CMECF system, by which a copy will be provided to all counsel of record.

    This the 15th day of October, 2021, at Lafayette, Louisiana.

                                                /s/ Kelly P. Uebinger
                                                KELLY P. UEBINGER, La. Bar No. 21028
                                                DAVID J. AYO, La. Bar No. 28868
                                                JESSICA D. CASSIDY, La. Bar No. 34477
                                                Assistant United States Attorneys