UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO.  20-cr-00055 |
| | * | SECT. F. MAG.4 |
| VERSUS | * | |
| | * | JUDGE FELDMAN |
| JASON R. WILLIAMS       (01) | * | |
| NICOLE E. BURDETT      (02) | * | MAGISTRATE JUDGE ROBY |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO.  20-cr-00139 |
| | * | SECT. F. MAG.3 |
| | * | |
| VERSUS | * | JUDGE FELDMAN |
| | * | |
| NICOLE E. BURDETT   (01) | * | MAGISTRATE JUDGE DOUGLAS |

**GOVERNMENT'S REPLY TO DEFENDANT
NICOLE E. BURDETT'S OPPOSITION TO NOTICES OF
INTENT TO INTRODUCE INTRINSIC AND RULE 404(b) EVIDENCE**

NOW INTO COURT comes the United States of America, through the undersigned Assistant United States Attorneys, who respectfully responds to the Defendant's opposition as follows.

I.   **The Medicaid Evidence and Testimony is Proper Other Acts Evidence**

In *Beecham*, the Fifth Circuit made it clear that "other crimes" evidence must be relevant to an issue other than the defendant's character and the evidence must possess probative value that outweighs any danger of unfair prejudice, confusion, misleading the jury or needless presentation of cumulative evidence.  582 F.2d 898, 911 (5th Cir. 1978) When the extrinsic evidence addresses intent, the Fifth Circuit in *Beecham* made it clear that the relevancy "derives from the defendant's indulging himself in the same state of mind and the preparation of both the extrinsic and the

charged offenses." *Id*. The Fifth Circuit also explained that "[t]he relevancy of the evidence must be assessed by comparing the state of mind required for the past and present." *United States v. Scott*, 48 F.3d 1389, 1396 (5th Cir. 1995). Such evidence "lessens the likelihood that the defendant committed the charged offenses with innocent intent." Similar acts or offenses also rebut the possibility that the defendant committed the offense without the requisite knowledge, or that she merely wondered onto the scene of the crime by accident.

Burdett lied about her income in order to obtain Medicare benefits for herself and her children. She committed healthcare fraud by doing so. 18 U.S.C. § 1347. The purpose of introducing this other crimes evidence at trial is to show that Burdett had the intent to defraud Medicaid and that it did not occur through a mistake or accident, just like her decision to defraud the Internal Revenue Service. Burdett was initially determined eligible for Medicaid in July of 2006 because she was pregnant and had no income. Shortly after the birth of her daughter, her coverage was terminated. She reapplied in 2010 and had continuous personal coverage until 2018. Medicaid is renewed yearly. On a yearly basis, Burdett was required to report any change in income. She made numerous false statements to Medicaid in order to maintain her Medicaid eligibility. For example, in 2012, she reported that she had $500 of yearly income. In 2012, Burdett owned her own home, which is listed in only her name, and the mortgage payment was more than double that amount per month. In 2013, she was asked to report how much gross income she earned and she stated that she made $500 a month, which is not accurate, since even her fraudulent 2013 tax return listed her income as greatly exceeding that amount. Burdett has repeatedly stated that her defense at trial will be to blame Henry Timothy for any "errors" that occurred on her return. The Medicaid evidence is important evidence because it shows that Burdett intentionally and knowingly lied to a state government agency to obtain benefits, to which she was not entitled.

Henry Timothy had no involvement with her application for or receipt of Medicaid benefits. Even after receiving hundreds of thousands of dollars as a lawyer working at the Jason R. Williams Law Firm, Burdett again reapplied in 2018 for Medicaid, which was eventually denied once the agency learned of her true income. The unlawful receipt of Medicaid benefits over the course of eight years did not occur by mistake or accident, and it clearly reflects the same mindset that Nicole Burdett had when she defrauded the Internal Revenue Service.

Although *Beecham* requires that the extrinsic evidence be assessed by comparing the state of mind required for the extrinsic acts and the charged offense, it does not require that the same burden of proof apply, as argued by defense counsel.[1] There is a distinction between a defendant's state of mind and burden of proof in a criminal prosecution. Burdett lied to Medicaid in order to receive benefits to which she was not entitled and lied to the Internal Revenue Service so that she could obtain tax refunds to which she was not entitled. This evidence is proper other crimes/acts which, "lessens the likelihood that the Defendant committed the charged offense with innocent intent." *Beecham* at 913. Since her knowledge is at issue, similar knowledge on other occasions is relevant and probative. There is also no requirement that the bad-acts evidence needs to be a conviction or that the Government has to prove that it occurred beyond a reasonable doubt. The Supreme Court has held that the Government need not prove by preponderance of the evidence that the act occurred; instead, the Government just needs to prove sufficient evidence such that "the jury can reasonably conclude that the other act occurred and the Defendant was the actor." *Huddleston v. United States*, 485 U.S. 681, 689 (1988). As stated above, the Government will have

---

[1] Although defense counsel argues that Medicaid fraud has a lesser degree of criminal intent, she is wrong, as that offense also carries a willfulness element just like tax violations. 18 U.S.C. § 1347. That statue specifically adds willfully as an element of the offense but, just like in tax cases, "a person need not have actual knowledge of this section or specific intent to commit a violation of this section." *Id.* In other words, there is no burden to prove that the Defendant is aware of the specific numerical statue just that they knowingly and willfully executed or attempted to execute a scheme to defraud any healthcare benefit program, like Medicaid.

3

a witness from Medicaid as well as documents sent in by the Defendant which contain her false statements regarding her income.

## II.     Burdett's 2018, 2019, and 2020 Returns are Proper 404b Evidence

Burdett's returns filed in 2018, 2019 and 2020 show a stark contrast to the returns prepared and filed by Henry Timothy. The later returns are filed under the status of married filing jointly with her husband and they list her address in Kenner, where they both reside. There are no Earned Income Credits and her Schedule C deductions are greatly reduced. These returns are evidence of a pattern of Burdett's knowledge, willfulness and any lack of mistake on her part. Like Williams, Burdett refuses to pay her taxes. The testimony at trial will be that she submitted fraudulent returns to the Internal Revenue Service, so that she would not have to pay any taxes and so she could receive refunds, to which she was not entitled. She repeated this same pattern with Medicaid. In 2019, although Burdett and her husband had income exceeding $600,000, she has failed to pay the $134,789, she owes for that year. The Government seeks to introduce this evidence in order to establish a pattern engaged in by Burdett to not pay taxes that she owes. Although she had ample income to satisfy her Internal Revenue Service debt, she simply refuses to comply. These are also her returns that she filed, under penalty of perjury; therefore, there is no undue prejudice.

As stated in the Government's response to Williams' opposition to the 404(b) notice, there is ample case law allowing the introduction of subsequent tax returns in order to show knowledge, willfulness, and a pattern.  In *United States v. Luttrell*, 612 F.2d 396 (8th Cir. 1980), the defendant was convicted of failing to file tax returns for years 1974 and 1975.  During the trial, the government introduced evidence of his failure to timely file tax returns in three subsequent years. Affirming the conviction, the Eighth Circuit, relying on Rule 404(b), found there was no abuse of discretion in the district court's admission of evidence regarding the defendant's income tax filings

4

for the years preceding and following the years in which his conviction was based. *Id.*, citing *United States v. Thompson*, 513 F.2d 577, 579 (8th Cir. 1975); *United States v. Johnson*, 386 F.2d 630, 631 (3d Cir. 1967); *United States v. Stout*, 601 F.2d 325, 329 (7th Cir. 1979). In *United States v. Farris*, 517 F.2d 226 (7th Cir. 1975), the defendant was charged with failure to file returns for the years 1969, 1970 and 1971. The defendant argued it was error to permit the government to introduce evidence of his failure to file returns both prior and subsequent to the tax years charged. The conviction was affirmed and the Seventh Circuit concluded that there was no error in admitting evidence regarding years prior to and subsequent to the charged tax years. The Seventh Circuit concluded, "[h]ere as in *Ming* the other offenses involved were identical to those charged and there was no hiatus in regard to either the prior or subsequent offenses in relation to the indictment offenses."[2] *Id*. at 229. The Eleventh Circuit engaged in a similar analysis in *United States v. Sroufe*, 579 F. App'x 974 (11th Cir. 2014), when it concluded no error occurred when the government introduced similar acts that had occurred before and after the charged tax offenses. See also *United States v. McKee*, 942 F.2d 477 (8th Cir. 1991).

Burdett concedes that her tax returns prepared by Henry Timothy for the years 2011 through 2013 are proper intrinsic and/or 404(b) evidence so the Government need not address those returns.

In conclusion, the Government respectfully requests that the Court allow it to introduce evidence and testimony concerning the Defendant receiving Medicaid benefits and that the Court allow evidence and testimony concerning the Defendant's subsequent tax returns filed in 2018,

---

[2] *United States v. Ming*, 466 F.2d 1000 (7th Cir. 1972).

2019 and 2020, as proper other acts evidence in order to prove her motive, intent, willfulness, knowledge and absence of mistake.

                                        Respectfully submitted,

                                        ALEXANDER C. VAN HOOK
                                        Acting United States Attorney
                                        Western District of Louisiana

BY:   /s/ Kelly P. Uebinger
        KELLY P. UEBINGER, La. Bar No. 21028
        DAVID J. AYO, La. Bar No. 28868
        JESSICA D. CASSIDY, La. Bar No. 34477
        Assistant United States Attorneys
        800 Lafayette Street, Suite 2200
        Lafayette, LA 70501
        Telephone: (337) 262-6618

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 20-cr-00055 |
| | * | SECT. F. MAG.4 |
| VERSUS | * | |
| | * | JUDGE FELDMAN |
| JASON R. WILLIAMS (01) | * | |
| NICOLE E. BURDETT (02) | * | MAGISTRATE JUDGE ROBY |
| | | |
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 20-cr-00139 |
| | * | SECT. F. MAG.3 |
| | * | |
| VERSUS | * | JUDGE FELDMAN |
| | * | |
| NICOLE E. BURDETT (01) | * | MAGISTRATE JUDGE DOUGLAS |

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing Government's Reply to Defendant Nicole E. Burdett's Opposition to Notices of Intent to Introduce Intrinsic and Rule 404(B) Evidence is being filed with the Clerk of Court using the CMECF system, by which a copy will be provided to all counsel of record.

    This the 26th day of October, 2021, at Lafayette, Louisiana.

                                         /s/ Kelly P. Uebinger
                                         KELLY P. UEBINGER, La. Bar No. 21028
                                         DAVID J. AYO, La. Bar No. 28868
                                         JESSICA D. CASSIDY, La. Bar No. 34477
                                         Assistant United States Attorneys