UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 20-055 |
| VERSUS | SECTION "F"<br>JUDGE MARTIN L.C. FELDMAN |
| JASON R. WILLIAMS<br>NICOLE E. BURDETT | MAGISTRATE (4)<br>MAGISTRATE JUDGE ROBY |
| UNITED STATES OF AMERICA | CRIMINAL NO. 20-139 |
| VERSUS | SECTION "F"<br>JUDGE MARTIN L.C. FELDMAN |
| NICOLE E. BURDETT | MAGISTRATE (3)<br>MAGISTRATE JUDGE DOUGLAS |

**MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION IN LIMINE**

NOW INTO COURT, through undersigned counsel, come defendants Nicole Burdett and Jason R. Williams, who respectfully submit this memorandum in support of their Motion in Limine.

**1. Lifestyle evidence post-dating the tax years charged[1] should be excluded.**

Ms. Burdett is charged with filing false income tax returns for tax years 2014-2017. In January 2018, the firm received payment for a contingency fee settlement; Ms. Burdett's share of the legal fee resulted in a much higher level of gross income than in years prior. The fees from that case were deposited into the firm's trust account on January 10, 2018. *See* Exh. 1, Deposit Slip (under seal); Exh. 2, JRWA Trust Account Statement G0015399 (under seal).

---

[1] Ms. Burdett and Mr. Williams will be separately filing an opposition to the government's motion in limine [Doc. 106 in Case No. 20-139; Doc. 197 in Case No. 20-55] regarding purported lifestyle evidence during the years charged.

In November of 2018, Ms. Burdett went to a financial planner. *See* Exh. 3, Burdett Text (under seal). The financial planner in time reviewed Ms. Burdett's prior returns, identified the mistakes that Timothy had made, notified Ms. Burdett that Timothy was not in fact a CPA as he had claimed to be, and referred Ms. Burdett to an actual CPA. That CPA prepared Ms. Burdett's 2018 tax returns, which the government acknowledges were prepared properly. *See* Doc. 138 (Case No. 20-cr-55), at 3, 5.

Ms. Burdett's gross income before deductions was higher in 2019, as well. Ms. Burdett's 2019 return reflects not only expenses that were properly-classified by the CPA—resulting in a lower deduction on Line 28 of the Schedule C—but also a more than four-fold increase in the amount of Gross Receipts or Sales on Line 1 of the Schedule C from 2017 to 2019. *See* Exh. 4, Burdett 2019 Return (under seal) at G0110117, *compared with* Exh. 5, Burdett 2017 Return at G0110262 (under seal).

Yet the government has produced in discovery photographs and lifestyle evidence from 2018 and 2019—years in which Ms. Burdett's income *before* deductions for expenses was significantly higher than the years charged, and years for which an actual CPA prepared Ms. Burdett's returns.

In March 2018, Ms. Burdett began to work with a pool contractor to build a pool in her backyard, using a portion of her fees, and the pool was installed during the summer of 2018. In 2019, Ms. Burdett was the Queen of the Krewe of Freret. The government has produced pictures of both the pool and Ms. Burdett in her Mardi Gras gown in discovery in a transparent attempt to appeal to class prejudice against Ms. Burdett—who in any event lives in a home next door to her mother's in Kenner that Ms. Burdett purchased for $147,000. In order to stoke class prejudice, the government seeks to confuse the jury by arguing that Ms. Burdett's income in 2018-2020

was the result of tax evasion instead of what it was: three years in which Ms. Burdett's legal practice, which was based primarily upon fixed fee criminal defense cases, included the resolution of significant civil cases that she had taken on a contingency basis. "[A]ppeals to class prejudice are highly improper and cannot be condoned and trial courts should ever be alert to prevent them." *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 239 (1940).

Evidence of Ms. Burdett installing a pool in 2018 and riding in the Krewe of Freret in 2019 is not relevant under Rule 401 because it does not have any "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable": it post-dates the years charged and Ms. Burdett's ability to install a pool and pay krewe fees in 2018 and 2019 were the result of a dramatic increase in her income from practicing law, and not the result of underpayment of taxes in 2017. *See* Fed. R. Evid. 401.

The question for trial is whether Ms. Burdett willfully directed Timothy to prepare her returns falsely in order to evade taxes for tax years 2014-2017. That her gross and net income after deductions was higher in subsequent years does not shed any light on whether Ms. Burdett's had the unlawful intent to willfully evade taxes at the time that Timothy prepared her 2014-2017 returns.

Instead, the government's only purpose in introducing this lifestyle evidence for years following those charged in the indictment would be to confuse the jury and to suggest that Ms. Burdett's lifestyle in 2018 and 2019 was financed by alleged tax evasion in the years prior. Any slight probative value that the 2018 and 2019 lifestyle evidence may have—and there is none—is substantially outweighed by a danger of confusion of the issues and misleading the jury. *See* Fed. R. Evid. 403.

   2. **The government must be precluded from commenting upon the fact that Ms. Burdett has been appointed counsel by the Court.**

Being indicted has had a dramatic impact upon Ms. Burdett's finances. Ms. Burdett remains law partners with Mr. Williams, who was elected District Attorney, and she is thus precluded from handling criminal defense matters. *See* La. Code Crim. Pro. art. 65 ("It is unlawful for the following officers or their law partners to defend or assist in the defense of any person charged with an offense in any parish of the state . . . [a]ny district attorney."). Ms. Burdett's civil practice has suffered greatly as a result of being under indictment, which is reflected in Ms. Burdett's sealed financial affidavits reviewed by the Court when appointing counsel. *See* Ex Parte Under Seal Motion to Submit Financial Affidavit Under Seal (filed Oct. 4, 2021).

While Ms. Burdett has been able to retain and pay private counsel to represent her during the investigation and early stages of the government's criminal prosecution, she was no longer able to do so as her legal practice suffered. Ms. Burdett applied to the Court for appointed counsel. Of course, undersigned counsel are paid the same hourly rates as every other lawyer who is appointed under the Criminal Justice Act.

The government recently filed a motion to "inquire" about Ms. Burdett's constitutional entitlement to appointed counsel. During the hearing on that motion, the government pejoratively stated that the "tax payers are funding this lengthy, complex defense"—but of course said nothing about the taxpayers funding the governments misguided prosecution. *See* Exh. 6, Transcript 10/6/2021 at 4.

The government should be precluded at trial from referring to the fact that Ms. Burdett has been appointed counsel, or from suggesting that taxpayers or the jurors are paying for Ms. Burdett's defense. The government should also be precluded at trial from referring to the fact

{N4453281.1}                                                        4

that Ms. Burdett paid private counsel before she became indigent. *See United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 239 (1940).

3. **The government must be precluded from commenting upon or introducing evidence regarding Ms. Burdett's post-charging lifestyle.**

During the October 6, 2021 hearing in which the government sought to interfere with Ms. Burdett's constitutional right to appointed counsel, the government complained that Ms. Burdett should not be able to "live her life as she did prior to this indictment"—which she certainly is not. The government complained about Ms. Burdett's pre-charging debts and argued that Ms. Burdett should be viewed as wealthy because she bought out her father's interest in her childhood home when her parents divorced, and her mother pays her rent to cover the mortgage. *See* Exh. 6, Transcript 10/6/2021 at 5. The government also complained that Ms. Burdett's children attend private school. While that is not true—Ms. Burdett's school-aged children actually attend public school—it shows the extent to which the government wishes to begrudge Ms. Burdett her ordinary and reasonable living expenses. *Id.* Any similar comments before the jury as to Ms. Burdett's post-charging standard of living would be irrelevant under Rule 401 and unfairly prejudicial under Rule 403.

4. **Mr. Williams's campaign fund is irrelevant to the crimes charged and the government should not be allowed to introduce fund records.**

The government has requested that the parties stipulate to the authenticity of Louisiana Secretary of State records for the Jason Williams Campaign Fund, LLC. Those records include the Campaign Fund's organizational documents such as the articles of organization and initial report, etc. Williams and Burdette are not charged with offenses related to the Campaign Fund and there is no reference to the Campaign Fund in the government's Rule 404(b) notices. *See* Rec. Docs. 1 (indictment), 138 (404(b) notice), 150 (supp. 404(b) notice). Any records related to

the Campaign Fund, including the Fund's organizing documents as well as the Fund's bank records, are irrelevant to the crimes charged and should be excluded. *See* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.")

Respectfully submitted,

*/s/ Avery B. Pardee*
Avery B. Pardee (31280)
Michael W. Magner (01206)
JONES WALKER LLP
201 St. Charles Avenue, Suite 5100
New Orleans, LA  70170-5100
(504) 582-8358
apardee@joneswalker.com
mmagner@joneswalker.com
*Counsel for Defendant, Nicole E. Burdett*

*/s/ William P. Gibbens*
William P. Gibbens (27225)
Ian L. Atkinson (31605)
SCHONEKAS, EVANS, MCGOEY
& MCEACHIN, L.L.C.
909 Poydras Street, Suite 1600
New Orleans, LA  70112
(504) 680-6065
billy@semmlaw.com
ian@semmlaw.com
*Counsel for Jason R. Williams*

and

*/s/ Lisa M. Wayne*
Lisa M. Wayne
LAW OFFICES OF LISA M. WAYNE
1775 Sherman St., Suite 1650
Denver, CO 80203
lmonet20@me.com
*Counsel for Jason R. Williams*

{N4453281.1}                                6

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing pleading has been served upon all counsel of record by filing the same in this Court's CM/ECF system this 1st day of November, 2021.

                                                                      */s/ Avery B. Pardee*