UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | NO. 20-55 |
| JASON WILLIAMS AND NICOLE BURDETT | SECTION "F" |

ORDER AND REASONS

Before the Court is the government's motion for determination that records qualify as business records under Federal Rule of Evidence 803(6) and notice of intent to offer affidavits under Federal Rule of Evidence 902(11). For the reasons that follow, the motion is **GRANTED in part** (as to the records provided by Northwestern Mutual Life Insurance Company (Government Exhibit 3), Ferrellgas (Government Exhibit 5), Liberty Bank & Trust Company (Government Exhibit 8), Crescent City Home Mortgage, LLC (Government Exhibit 9), Wells Fargo Bank, N.A. (Government Exhibit 10), and Regions Bank (Government Exhibit 11), which are admissible business records under the Federal Rules of Evidence) and **DENIED in part** (as to the records from Cox Communications (Government Exhibit 1); Entergy Services, Inc. (Government Exhibit 2); United Title of Louisiana (Government Exhibit 4); JP Morgan Chase Bank, N.A. (Government Exhibits 6 and 7); each of which the defendants

1

intend to cross-examine the custodians in order to challenge them prior to their admission).

## Background

This criminal tax fraud case is set for trial on January 24, 2022. This Order and Reasons assumes familiarity with prior proceedings and rulings on other evidentiary issues. See Order and Reasons dtd. 12/16/21. The government now moves for a determination that certain records qualify as business records under Federal Rule of Evidence 803(6) and it notices its intent to offer affidavits under Federal Rule of Evidence 902(11).

I.

As to certain documents it plans to use in its case-in-chief, the United States seeks a preliminary determination as to the admissibility or authentication of documents from 10 separate custodians. The defendants oppose the motion, in part; the defendants object to the admission pursuant to affidavit pertaining to records from four custodians. Specifically, as to the records from Cox Communications, Inc., Entergy Services, Inc., United Title of Louisiana, and JP Morgan Chase, N.A., the defendants intend to cross-examine the custodians concerning various matters pertaining to the records.[1]

---

[1] Additionally, the defendants submit that certain records the government designates as "business records" contain hearsay within

*A.*

Rule 104 of the Federal Rules of Evidence obliges the Court to "decide any preliminary question about whether ... evidence is admissible." FED. R. EVID. 104(a).  In making this preliminary determination, "the court is not bound by evidence rules, except those on privilege." Id.  This rule applies to all preliminary determinations, including resolution of whether documents fall within the business records exception to the hearsay rule.  See In re Japanese Electronic Prods. Antitrust Litig., 723 F.2d 238, 287-88 (3d Cir. 1983)(holding that the determination is made by the judge, rather than the jury, and that the court is not confined to admissible evidence), *rev'd on other grounds sub nom. by* Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986).  Such pretrial determination advances the elimination-of-unjustifiable-expense-and-delay purpose of the Federal Rules of Evidence.  See FED. R. EVID. 102 ("These rules should be construed so as to administer every proceeding fairly, eliminate unjustifiable expense and delay, and promote the development of evidence law, to the end of ascertaining the truth and securing a just determination.").

---

hearsay, and the defendants reserve the right to object to that evidence and additionally reserve the right to object to all categories of records on relevance grounds.

The prerequisites for admissibility under the business records exception to the hearsay rule, Rule 803(6), must be established by a preponderance of the evidence. See Bourjally v. United States, 483 U.S. 171, 175 (1987). Rule 803(6) provides that the following is not excluded by the rule against hearsay:

> **(6) Records of a Regularly Conducted Activity.** A record of an Act, event, condition, opinion, or diagnosis if:
>   (A) the record was made at or near the time by –or from information transmitted by– someone with knowledge;
>   (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>   (C) making the record was a regular practice of that activity;
>   (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
>   (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

FED. R. EVID. 803(6).

Here, the government seeks a preliminary determination that certain records are authentic through certification obtained from the custodian of records. As permitted by Rule 803(6), Rule 902(11) provides that the following items of evidence are self-authenticating:

> **(11) Certified Domestic Records of a Regularly Conducted Activity.** The original or a copy of a domestic record that meets the requirement of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court. Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the

> record - and must make the record and certification available for inspection – so that the party has a fair opportunity to challenge them.

Together, Rules 803(6) and 902(11) eliminate the need to incur the expense and inconvenience of producing time-consuming foundation witnesses. FED. R. EVID. 803, Advisory Committee Notes to 2000 Amendment.

*B.*

The government seeks to introduce into evidence a series of certified records of regularly conducted activity pursuant to Rules 803(6) and 902(11). The government submits that it provided to the defendants each of the records it now seeks to admit. The government contends that each certified record it seeks to admit was obtained from corporate entities; each record is certified by that entity (under penalty of perjury) to have been made at or near the time of the occurrence of the matters contained therein, kept in the course of the regularly conducted activity, and created as a regularly conducted activity. The government thus submits that the following comply with admissibility standards:

- Cox Communications, Inc. financial records, including billing records concerning Nicole Burdett, under the business records exception by offering the affidavit of Jacqueline Murray, the records custodian (Government Exhibit 1);
- Entergy Services, Inc. financial records, including billing records concerning Nicole Burdett, under the business records exception by offering the affidavit of Mary B. Swindler, the records custodian (Government Exhibit 2);
- Northwestern Mutual Life Insurance Company life insurance records relating to Nicole Burdett, under the business

5

   records exception by offering the affidavit of Barbara
   Janssen, the records custodian (Government Exhibit 3);
- United Title of Louisiana financial records relating to
  Nicole Burdett, under the business records exception by
  offering the affidavit of Colton Bromley, the records
  custodian (Government Exhibit 4);
- Ferrellgas financial records, including billing records,
  relating to Nicole Burdett, under the business records
  exception by offering the affidavit of Cathy Korte, the
  records custodian (Government Exhibit 5);
- JPMorgan Chase Bank, N.A. financial records relating to Jason
  R. Williams and Associates, LLC, under the business records
  exception by offering the affidavit of Jessica Cruz, the
  records custodian (Government Exhibit 6);
- JPMorgan Chase Bank, N.A. financial records relating to
  Nicole Burdett, under the business records exception by
  offering the affidavit of Jessica Cruz, the records custodian
  (Government Exhibit 7);
- Liberty Bank & Trust Company financial records relating to
  Jason Rogers Williams and Associates, LLC, under the business
  records exception by offering the affidavit of Calvin
  Kaufmann, the records custodian (Government Exhibit 8);
- Crescent City Home Mortgage, LLC financial records relating
  to Jason R. Williams and Associates, LLC, under the business
  records exception by offering the affidavit of David
  Garretson, the records custodian (Government Exhibit 9);
- Wells Fargo Bank, N.A. financial records relating to Nicole
  Burdett, under the business records exception by offering the
  affidavit of Erica Danielle Cordero, the records custodian
  (Government Exhibit 10);
- Regions Bank financial records relating to Nicole Burdett,
  under the business records exception by offering the
  affidavit of Michael Pashenko, the records custodian
  (Government Exhibit 11).

Recognition of the records' authenticity, the government submits, does not preclude objection of the admissibility of these records on other grounds or any motions seeking to suppress or preclude admission at trial.

The defendants oppose the government's motion only with respect to Government Exhibits 1, 2, 4, 6, and 7 (the records from

6

Cox, Entergy, United Title, and JP Morgan Chase).  The government offers no reply.

II.

The Court finds that the proffered records and certifications meet the standards of admissibility under the Federal Rules of Evidence. However, insofar as the defendants object to certain records' admission pursuant to affidavit and request their "fair opportunity" to challenge the records from Cox Communications, Inc., Entergy Services, Inc., United Title of Louisiana, and JP Morgan Chase, N.A., the defendants shall have an opportunity to cross-examine the custodians.[2]

As for the records obtained from Northwestern Mutual Life Insurance Company, Ferrellgas, Liberty Bank & Trust Company, Crescent City Home Mortgage, LLC, Wells Fargo Bank, N.A., and Regions Bank, the Court finds that the proffered records and certifications meet the standards of admissibility under the Federal Rules of Evidence. Accordingly, IT IS ORDERED: that the government's motion is **GRANTED in part:** the records provided by Northwestern Mutual Life Insurance Company (Government Exhibit 3), Ferrellgas (Government Exhibit 5), Liberty Bank & Trust Company

---

[2] The defendants have reserved their right to object to all categories of records based on relevance and they submit that certain records that the government designates as "business records" contain hearsay within hearsay.  The Court defers ruling on these reserved objections until trial.

7

(Government Exhibit 8), Crescent City Home Mortgage, LLC (Government Exhibit 9), Wells Fargo Bank, N.A. (Government Exhibit 10), and Regions Bank (Government Exhibit 11) are admissible business records under the Federal Rules of Evidence. And, insofar as the defendants intend to cross-examine the custodians and object to the following records' admission pursuant to affidavit, the government's motion is **DENIED in part** (as to the records from Cox Communications (Government Exhibit 1); Entergy Services, Inc. (Government Exhibit 2); United Title of Louisiana (Government Exhibit 4); JP Morgan Chase Bank, N.A. (Government Exhibits 6 and 7).

New Orleans, Louisiana, December 20th, 2021

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE