**SCHONEKAS**
**EVANS**
**McGOEY &**
**McEACHIN, LLC**

William P. Gibbens
504.680.6065
Billy@semmlaw.com

January 5, 2022

<u>**VIA U.S. MAIL AND E-MAIL**</u>
The Honorable Elizabeth Prelogar
Solicitor General
Office of the Solicitor General
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001
Elizabeth.B.Prelogar@usdoj.gov

Re:     *United States v. Jason R. Williams, et al.*
        <u>USDC, EDLA Case No. 2:20-cr-00055-MLCF-KWR</u>

Dear General Prelogar:

We are the trial lawyers representing ***the sitting District Attorney for New Orleans***, Jason R. Williams, in the above-captioned matter involving individual income tax charges and allegations of willfully failing to file Forms 8300. We write urgently to you concerning the Notice of Appeal filed yesterday (January 3, 2022) by the stand-in federal prosecutors who are handling this case due to the recusal of the U.S. Attorney's Office for the Eastern District of Louisiana. The government's attorneys, based in the Western District of Louisiana, are seeking to appeal the 59-page Order and Reasons of U.S. District Court Judge Martin L. C. Feldman issued on December 16, 2021. There are serious concerns about the basis for the prosecutors' proposed interlocutory appeal – including purposeful ambiguity regarding which rulings are being appealed. It is imperative that you should be made aware prior to deciding whether to authorize this appeal.

Interlocutory appeals sought by the government for evidentiary rulings are relatively rare occurrences. In this case, Judge Feldman's thoroughly reasoned order permitted the United States to introduce certain evidence pursuant to the prosecutors' motion *in limine* while denying it – or deferring the decision until trial – in other instances. (Docket No. 261.) For example, with respect to extrinsic evidence pertaining to District Attorney Williams' *prior 10-year civil tax compliance history – i.e.,* past conduct which precedes the indicted tax years – Judge Feldman held that "the government has failed to persuade the Court how this extrinsic other act evidence is sufficiently similar to the charges and, even if marginally so (and thus probative), how it survives Rule 403's balancing test." *Id.* at 21. Indeed, query how evidence of long-ago civil tax issues and disputes could be considered "a substantial proof of a fact material in the proceeding" as required under 18 U.S.C. Section 3731? Alleged tax violations, by their nature, occur on an annual basis. Therefore,

The Honorable Elizabeth Prelogar
January 5, 2022
Page 2

the conduct of the defendant must be proven willful as to each specific tax year. How previous unrelated civil tax issues could be considered substantially material to the charges in question is, at best, illogical and meritless.

What is of greater concern is when one considers that the line prosecutors' proposed interlocutory appeal involves the trial of a duly elected public official of a major American city. This is no run-of-the-mill prosecution. Indeed, the timing of the indictment *occurred during an election year.* This is not in dispute. In describing the case background, the U.S. District Court pointed out that Mr. Williams was a criminal defense attorney and current city councilman who was "indicted on federal tax fraud charges *on the eve of the councilman's announced and official qualification to run for Orleans Parish District Attorney. . . ."* (Docket No. 42, p.1) (emphasis supplied). Despite the inappropriate timing of the indictment, Councilman Williams was nevertheless elected in November 2020 by the people of Orleans Parish to serve as their District Attorney.

We request that your Office not compound problems that have previously occurred in District Attorney Williams' case. The Justice Department was certainly attuned to the delicate balancing issue which occurs in election years, yet the instant indictment still happened on the eve of his announcement. Indeed, for many years during each election cycle, U.S. Attorneys General have issued memoranda reminding federal prosecutors not to select the timing of investigative steps or criminal charges to affect any elections or otherwise give an advantage or disadvantage to any candidate or political party. (*See, e.g.,* Memorandum from Attorney General Eric Holder to All Department Employees Re: Election Year Sensitivities, dated March 9, 2012.) To do so is inconsistent with the Department's mission and its own Principles of Federal Prosecution, and it adversely impacts the Department's reputation for fairness, neutrality, and nonpartisanship. *Id.*

Now, flash forward to today, with trial set to begin in less than three weeks. The prosecutors are asking your Office's permission to appeal, on an interlocutory basis, evidentiary rulings made by the District Court, although they fail to specify which rulings. Given what has transpired before, including remarks by the former Attorney General before the election that could be interpreted as disparaging "progressive" prosecutors such as Mr. Williams, the line attorneys' request to appeal the Court's thoroughly reasoned order should be denied. This case has been dragging on for much too long – since June 2020 – and it has posed serious obstacles to Mr. Williams' ability to perform the functions of his elected position and safeguard the people of New Orleans. The trial of this case on the merits should move forward, forthwith.

Also, the proposed interlocutory appeal appears to have another object other than trial delay; *i.e.,* to raise the legal costs for District Attorney Williams, a public servant. Elected officials are not extravagantly compensated for serving the citizens who vote them into office, and Mr. Williams is no different in this respect. The additional financial costs to him due to further delay and lawyers' fees occasioned by a meritless interlocutory appeal are not justified. Moreover, such an action would negatively impact the Department's reputation for fairness.

The Honorable Elizabeth Prelogar
January 5, 2022
Page 3


  Finally, it is worth pointing out that any further delay occasioned by the authorization of an interlocutory appeal may well impact Mr. Williams' Sixth Amendment right to counsel of his choice.  Because one of his longstanding trial attorneys (Ms. Wayne) is scheduled to start a new position in February 2022, needless delay will adversely impact Mr. Williams' constitutional rights.  On top of what has already transpired, this would be an unconscionable result.

  We ask nothing more than to let this matter proceed to trial without further delay.  We respectfully ask your Office to deny authorization for the line prosecutor's unwarranted interlocutory appeal.

     Sincerely,

     William P. Gibbens
     Lisa M. Wayne


WPG/tlb
cc: Kelly P. Uebinger, Esq. (via e-mail)
   David J. Ayo, Esq. (via e-mail)