**MINUTE ENTRY**
**AFRICK, J.**
**April 11, 2002**
**JS-10 00:25**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 20-55** |
| **JASON WILLIAMS, ET AL.** | **SECTION I** |
| | |
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 20-139** |
| **NICOLE BURDETT** | **SECTION I** |

## ORDER

On April 11, 2022, the Court held an in-person status conference with the following counsel in attendance: Kelly Uebinger, David Ayo, Jessica Cassidy, and Alexander Van Hook for the United States; William Gibbens and Lisa Wayne (retained) for Defendant Jason Williams; and Michael Magner and Avery Pardee (CJA-Appointment) for Nicole Burdett. The conference was scheduled to schedule a trial date and to address the status of the case since reallotment from Section F and since the Fifth Circuit's judgment issued as mandate affirming Judge Feldman's evidentiary ruling challenged by the government in its interlocutory appeal.

The Court selected jury trial and pretrial conference dates. Counsel agreed that the juror questionnaires previously completed last year for the January 2022 trial date (disturbed by the government's appeal) are now stale. To provide sufficient

time for a new venire to complete new questionnaires and to accommodate the Court's and all counsel's schedules, the trial shall commence on July 18, 2022 at 8:30 a.m. with jury selection.  A pretrial conference shall be held on June 1, 2022 at 11:00 a.m.

The Court ordered that counsel shall jointly submit a revised juror questionnaire and a revised scheduling order; counsel shall submit both no later than 10 days from the date of the status conference, that is, not later than Thursday, April 21, 2022.

The Court discussed with counsel the government's recently filed motion *in limine* to exclude the defense expert, Harold Asher.  Defense counsel agreed to submit a revised expert report within two weeks, or not later than April 25, 2022.

The Court discussed with all counsel the defendants' motion to compel pretrial interview notes.  The government agreed to provide a response to the defendants concerning whether Henry Timothy in pretrial interviews made or makes statements consistent with his post-cooperation narrative. Accordingly, the defendants' motion to compel is dismissed without prejudice.

Counsel for Nicole Burdett indicated that a motion requesting a Rule 17(c) subpoena would be filed in short order on an expedited basis.

The Court next ordered defense counsel to advise the Court and the government, not later than Monday, May 2, 2022, as to which comparators defendants would seek to use at trial.

The delay resulting from the government's interlocutory appeal is excludable, 18 U.S.C. § 3161(h)(1)(C), and the Court, with the agreement of counsel,

2

finds that the ends of justice served by continuing the trial outweigh the best interest of the public and the defendants in a speedy trial. The Court specifically considers the fact that new jury questionnaires need to be distributed and executed, and that additional time is needed by counsel for case preparation and to accommodate their trial schedules.

**IT IS ORDERED** that the pretrial conference is hereby reset for June 1, 2022 at 11:00 a.m. and the jury trial shall commence on July 18, 2022 at 8:30 a.m.

**IT IS FURTHER ORDERED** that counsel jointly shall submit a revised juror questionnaire and revised scheduling order not later than Thursday, April 21, 2022.

**IT IS FURTHER ORDERED** that the defendants shall submit a revised expert report to the government not later than Monday, April 25, 2022.

**IT IS FURTHER ORDERED** that the government's motion *in limine* to exclude defense expert is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the defendants' motion to compel is **DISMISSED AS MOOT**; and

**IT IS FURTHER ORDERED** that defense counsel shall advise the Court and the government, not later than Monday, May 2, 2022, as to which comparators defendants will seek to use at trial.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**