UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO.  20-cr-00055 |
| | * | SECT. I. MAG.4 |
| VERSUS | * | |
| | * | JUDGE AFRICK |
| JASON R. WILLIAMS      (01) | * | |
| NICOLE E. BURDETT     (02) | * | MAGISTRATE JUDGE ROBY |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO.  20-cr-00139 |
| | * | SECT. I. MAG.3 |
| | * | |
| VERSUS | * | JUDGE AFRICK |
| | * | |
| NICOLE E. BURDETT      (01) | * | MAGISTRATE JUDGE DOUGLAS |

**PROPOSED JURY INSTRUCTIONS**

*Pattern Jury Instructions Proposed by the Government and the Defendants:*

1. The United States and the Defendants request the Court to instruct the jury with the following general and preliminary instructions as provided in Fifth Circuit Pattern Jury Instructions Criminal (West 2019):

| | |
|---|---|
| 1.01 | Preliminary Instructions |
| 1.02 | Note Taking by Jurors (Alternative A) |
| 1.03 | Introduction to Final Instructions |
| 1.04 | Duty to Follow Instructions |
| 1.05 | Presumption of Innocence |
| 1.06 | Evidence – Excluding what is not Evidence |
| 1.08 | Evidence – Inferences – Direct and Circumstantial (Alternative B) |
| 1.09 | Credibility of Witnesses |
| 1.10 | Character Evidence |
| 1.11 | Impeachment by Prior Inconsistencies |
| 1.13 | Impeachment by Prior Conviction (Witness Other than Defendant) (if applicable) |
| 1.14 | Impeachment by Evidence of Untruthful Character (if applicable) |
| 1.15 | Accomplice – Informer – Immunity |
| 1.18 | Expert Opinion Testimony (if applicable) |

1

| | | |
|---|---|---|
| 1.19 | On or About | |
| 1.20 | Venue – Conspiracy | |
| 1.21 | Caution – Consider only Crime Charged | |
| 1.22 | Caution – Punishment | |
| 1.25 | Multiple Defendants – Multiple Counts | |
| 1.26 | Duty to Deliberate | |
| 1.32 | Similar Acts | |
| 1.41 | "Knowingly" – To Act | |
| 1.50 | Summaries and Charts Not Received in Evidence | |
| 1.51 | Summaries and Charts Received in Evidence Pursuant to Federal Rule of Evidence 1006 | |
| 1.52 | Summary Witness Testimony and Charts Based on Other Evidence | |
| 1.53 | Modified – "Allen" Charge (if necessary) | |

**Additional Jury Instructions Proposed by the Government:**

2. The Government strongly prefers that the Court use Fifth Circuit Pattern Jury Instructions where available. The pattern instructions proposed are well-established and tested by the courts. The modifications made by the defendants are unnecessary as the current pattern instructions adequately address the issues in this case. The defendants' proposed instructions repeatedly restate the willfulness requirement and other portions of the jury instructions favorable to defendants seemingly to increase the Government's burden of proof. This approach jettisons the carefully crafted balance that is present in the Fifth Circuit Pattern Jury Instructions. Accordingly, the Government believes that pattern instructions should be used without the modifications proposed by the defendants.

3. Additional pattern general instructions, which are opposed by the defendants, include:

| | |
|---|---|
| 1.42 | Deliberate Ignorance (if needed based on the evidence presented) |
| 1.43 | "Willfully" – to Act |

4. As to *United States v. Jason R. Williams and Nicole E. Burdett*, 20-cr-00055, the United States requests the following substantive offense instructions as provided in Fifth Circuit Pattern Jury Instructions Criminal (West 2019):

  2.15B  Conspiracy to Defraud (18 U.S.C. § 371)
  2.17   Conspirator's Liability for Substantive Count
  2.104B  Aiding or Assisting in Preparation of False Documents under Internal Revenue Laws (26 U.S.C. § 7206(2))

  5.  There is no Fifth Circuit Pattern Jury Instruction for the nonfinancial trade or businesses' violation of Failure to File Form 8300, 31 U.S.C. § 5331. The United States proposes modifying the Fifth Circuit Criminal Pattern Jury Instruction No. 2.106 to read:

  Title 31, United States Code, Section 5322, makes it a crime for anyone to willfully fail to file Form 8300 as required by Section 5331 and its implementing regulations.[1]

  Section 5331 and its implementing regulations require that every nonfinancial trade or business which receives more than $10,000 in a coin or currency transaction, or two or more related transactions, must file a report with the Financial Crimes Enforcement Network, known as "Form 8300". The report must be furnished in the form prescribed by regulation and contain, among other things: (1) the name and address of the person from whom the coin or currency was received; (2) the amount of coin or currency received; (3) the date and nature of the transaction; and (4) other information as prescribed by regulation, such as the name of the person filing the report.[2]

  A law firm or a person engaged in the practice of law is a trade or business required to file a Form 8300.

  The Form 8300 must be filed within fifteen (15) days of the transaction.

  For you to find the defendant(s) guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

  *First*:  That the defendant was engaged in a trade or business;

  *Second*: That in the course of such trade of business, the defendant received more than $10,000 in coins or currency in one transaction (or two or more related transactions); and

  *Third*:  That the defendant willfully failed to file a Form 8300.

---

[1] 31 U.S.C. § 5322.
[2] 31 U.S.C. § 5331, 31 C.F.R. § 1010.330

The term "willfully" means that the act was committed voluntarily and purposefully, with the specific intent to do something the law forbids, that is to say, with bad purpose either to disobey or disregard the law.[3]

6. As to *United States v. Nicole E. Burdett*, 20-cr-00139, the United States requests the following substantive offense instructions as provided in Fifth Circuit Pattern Jury Instructions Criminal (West 2019):

2.104A   False Statements on Income Tax Return 26 U.S.C. § 7206(1).

7. The Defendants have asked for an instruction based on their alleged good faith reliance on their mutual tax preparer. While a defendant may be exonerated by reliance on a tax preparer, he or she must prove that they actually relied on expert advice and that the reliance was in good faith to be entitled to the instruction. *See United States v. Segal*, 867 F.2d 1173, 1179 (8th Cir. 1989).

8. In *United States v. Masat*, 948 F.2d 923 (5th Cir. 1991), the Fifth Circuit upheld the district court's refusal to give a good faith instruction. *Id.* at 930. The Court noted that while Masat could demonstrate contact with tax professionals, he could not establish reliance. "To establish reliance as a defense, [the defendants] must show that: (i) [they] relied in good faith on a professional and (ii) [they] made complete disclosure of all the relevant facts." *Id.*

9. The Government believes that the evidence will show that the defendants were not in good faith because they conspired with each other and their tax preparer to create false returns. To the extent that the defendants can make a threshold showing of good faith, the Government proposes the following instruction:

> If the defendant, provided the tax preparer, Henry Timothy, with full information with regard to his or her taxable income and expenses, and the defendant then adopted, signed, and filed the tax return as prepared by Mr.

---

[3] Fifth Circuit Pattern Jury Instructions, No. 1.43.

Timothy without having reason to believe that it was not correct, then you will find the defendant not guilty.

If, on the other hand, you find beyond a reasonable doubt that the defendant did not provide full and complete information to Mr. Timothy, or that the defendant knew that the return as prepared by Mr. Timothy was not correct and substantially understated the tax liability of defendant, then you may find the defendant guilty even though he did not prepare the return himself but rather had it prepared for him or her by another person.

*See United States v. Vannelli*, 595 F.2d 402, 404-05 (8th Cir. 1979)

10. The defendants also propose a willfulness instruction despite there being adequate pattern instructions. Not only is willfulness defined in Instruction 1.43, Instruction 2.104B (the substantive instruction) also defines "willfully." To the extent that Court feels that additional instruction of willfulness is needed, the Government submits that the following instruction[4] is more balanced and would be more helpful to the jury:

To find the defendant guilty of violating Section 7206(2), you must not only find that he or she did the acts of which he or she stands charged, but you must also find that the acts were done willfully by the defendant.

The word "willfully," as used in this statute, means a voluntary, intentional violation of a known legal duty. In other words, the defendant must have acted voluntarily and intentionally and with the specific intent to do something he [she] knew the law prohibited, that is to say, with intent either to disobey or to disregard the law.

In determining the issue of willfulness, you are entitled to consider anything done or omitted to be done by the defendant and all facts and circumstances in evidence that may aid in the determination of his or her state of mind. It is obviously impossible to ascertain or prove directly the operations of the defendant's mind; but a careful and intelligent consideration of the facts and circumstances shown by the evidence in any case may enable one to infer what another's intentions were in doing or not doing things. With the knowledge of definite acts, we may draw definite logical conclusions.

We are, in our daily affairs, continuously called upon to decide from the acts of others what their intentions or purposes are, and experience has

---

[4] The proposed instruction can be found in the *Criminal Tax Manual* which is written and maintained by attorneys in the United States Department of Justice - Tax Division.

taught us that frequently actions speak more clearly than spoken or written words.  To this extent, you must rely in part on circumstantial evidence in determining the guilt or innocence of the defendant.

In this regard, there are certain matters that you may consider as pointing to willfulness, if you find such matters to exist in this case.  By way of illustration only, willfulness may be inferred from conduct such as [set forth examples appropriate under the evidence, e.g., making false entries or alteration, or false invoices or documents, concealment of assets or covering up sources of income, handling one's affairs to avoid making the records usual in transactions of the kind] and any conduct the likely effect of which would be to mislead or to conceal.

I give you these instances simply to illustrate the type of conduct you may consider in determining the issue of willfulness. I do not by this instruction mean to imply that the defendant did engage in any such conduct.  It is for you as the trier of the facts to make this determination as to whether the defendant did or did not.

*See* Kevin F. O'Malley et al., *Federal Jury Practice and Instructions*, § 17.07 (6th ed. 2008) (modified and supplemented); 2B Kevin F. O'Malley et al., *Federal Jury Practice and Instructions*, § 67.20 (6th ed. 2008) (modified); *Fifth Circuit Criminal Jury Instructions*, § 2.96, Section 1.38 (2001 ed.) (Note); *Cheek v. United States*, 498 U.S. 192, 201 (1991); *United States v. Pomponio*, 429 U.S. 10, 12 (1976); *United States v. Bishop*, 412 U.S. 346, 360 (1973) *Spies v. United States*, 317 U.S. 492, 499 (1943)

        Respectfully submitted,

        MERRICK B. GARLAND
        Attorney General

        BRANDON B. BROWN
        United States Attorney
        Western District of Louisiana

BY: */s/ Kelly P. Uebinger*
        KELLY P. UEBINGER, La. Bar No. 21028
        ALEXANDER C. VAN HOOK, La. Bar No. 25281
        JESSICA D. CASSIDY, La. Bar No. 34477
        Assistant United States Attorneys
        800 Lafayette Street, Suite 2200
        Lafayette, LA 70501
        Telephone: (337) 262-6618

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 20-cr-00055 | |
| | * | SECT. I. MAG.4 | |
| VERSUS | * | | |
| | * | JUDGE AFRICK | |
| JASON R. WILLIAMS    (01) | * | | |
| NICOLE E. BURDETT    (02) | * | MAGISTRATE JUDGE ROBY | |
| | | | |
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 20-cr-00139 | |
| | * | SECT. I. MAG.3 | |
| | * | | |
| VERSUS | * | JUDGE AFRICK | |
| | * | | |
| NICOLE E. BURDETT    (01) | * | MAGISTRATE JUDGE DOUGLAS | |

**CERTIFICATE OF SERVICE**

I hereby certify that on May 20, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all defense counsel of record.

/s/ Kelly P. Uebinger
KELLY P. UEBINGER, La. Bar No. 21028
ALEXANDER C. VAN HOOK, La. Bar No. 25281
JESSICA D. CASSIDY, La. Bar No. 34477
Assistant United States Attorneys