**MINUTE ENTRY**
**AFRICK, J.**
**June 1, 2022**
**JS-10 01:10**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 20-55 |
| JASON WILLIAMS and NICOLE BURDETT | SECTION: "I" |
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 20-139 |
| NICOLE BURDETT | SECTION: "I" |

**ORDER**

On June 1, 2022, the Court held an in-person pretrial conference for Criminal Action Numbers 20-55 and 20-139 with the following counsel in attendance: Kelly Uebinger, Alexander Van Hook, and Jessica Cassidy for the United States; William Gibbens and Lisa Wayne[1] for Jason Williams; and Michael Magner and Avery Pardee for Nicole Burdett. The trial of both cases shall

---

[1] Ms. Wayne participated by telephone.

commence at 8:30 AM on Monday, July 18, 2022.  The Court and counsel addressed a litany of evidentiary and trial-management issues as follows.

1.   The Court first discussed jury selection.   All counsel agreed to the process as contemplated by the Court.

2.   The Court noted that the Scheduling Order governs time limits for opening statements: the government is allotted 45 minutes and the defense is allotted 60 minutes.

3.   The Court addressed anticipated trial length, the preferred morning start time for trial, and defendants' proposed agreement that witnesses for the next day of trial shall be disclosed by 5:00 PM on the day preceding their testimony.  It is estimated that the trial will last two weeks. Counsel agreed that trial shall commence at 8:00 AM.

4.   The Court addressed the government's motion *in limine* to exclude defense expert testimony by Harold Asher.  An Order and Reasons will be forthcoming.

5.   The Court addressed the government's informal request that defendants be prohibited from questioning any witness regarding any misdemeanor conviction or arrest. Defense counsel agreed that it would comply with Rule 609.

6.   The Court addressed defense counsel's informal request for proffers of the expected testimony of certain government witnesses.  The Court noted there is no authority entitling defendants to such a proffer and also noted that the government has indicated that the listed witnesses are only potential rebuttal witnesses.

7.   The Court cautioned that it would not tolerate any testimony elicited or argument concerning the issue addressed in the Court's SEALED Order and Reasons dated December 10, 2021.

8.   The Court discussed the comparators issue and the government's motion *in limine* to exclude extrinsic evidence.   To inform the issue, the Court inquired about tax preparer Henry Timothy's plea agreement concerning the charge to which he has entered a plea of guilty in another Section of Court.   Not later than June 8, 2022, the defendants may respond to the government's pending motion directed to this issue; the motion is noticed for submission on June 15, 2022, and it shall be submitted that day with no oral hearing.

9.   The Court asked whether defendants would waive their presence at bench conferences. Defense counsel will confer with their clients. The Court noted that defendants are welcome to be present at some bench conferences and not others, as they wish.

10.   The Court discussed prior rulings regarding conduct predating the charged tax conduct and indicated that it was aware that there were IRS documents in the record that mention topics that Jason Williams addressed during the charged conspiracy period in which he referenced or alluded to his conduct or events that predate the conspiracy.   The Court also mentioned that, absent reasons provided by defense counsel not yet presented to the Court, there is no need to receive testimony regarding awards or commendations received by Jason Williams.   If there will be character evidence presented, the Court requested that counsel disclose such an intention, *in camera*, in advance of presenting such evidence.

11.   Mr. Magner requested that the government disclose information to which defendants are entitled with respect to Mr. Hjortsberg.   The government indicated that it would do so if it had any follow up information to provide.   The government will also supplement information regarding Mr. Timothy.

12.   The Court addressed how to manage jury and bench books of exhibits.   Counsel shall submit three hard copy bench books with flash drives as approved by the Court for voluminous

exhibits.  As for summary records, the admitted summaries will be provided to the jury with the other admitted exhibits to aid in deliberations, but the voluminous supporting documents predicating the summaries will be provided to the deliberating jurors if they request them.

13.  The Court addressed the first of a few deferred or "denied without prejudice" rulings. The Court inquired into the status of the Louisiana state charge recently filed against Ms. Burdett. Mr. Magner confirmed that the State case had not progressed.

14.  The Court discussed the Form 8300 "other act" evidence.  Mr. Magner stated that the defense had not received the CTR with respect to the 2012 transaction; the government responded that it does not have the CTR.

15.  The Court addressed another deferred issue: purchases by defendants in 2018 and 2019.  The Court stated that it had not made a final decision on this issue and it would defer until trial.

16.  Finally, the Court addressed miscellaneous issues raised by counsel.  Special Agent Tim Moore may be called twice provided that his testimony is not duplicative; thus, the Court overruled defense counsel's objection to the prospect of Special Agent Moore being called first on the tax charges and later on the Form 8300 charges.  As for defense counsel's request that the summary charts disclosure deadline be accelerated from July 5, 2022, the Court ordered counsel to resolve this issue among themselves.  As for how to handle the government's motion(s) for reconsideration, the Court agreed that counsel shall alert the Court and defense counsel during a bench conference before attempting to offer evidence previously excluded or deferred.  As for the Federal Rule of Evidence 902(11) issue, the defense agreed that there is no issue as to authenticity; therefore, the Court ruled that the records would be admitted via affidavit.  However, the Court ordered that the government maintain the pending subpoenas as to those record custodians which

defendants want to examine. As for *Touhy* requests, Mr. Magner indicated that the government was considering the requests made and thus Court intervention was likely unnecessary.

Accordingly;

**IT IS ORDERED** that the jury trial shall commence on July 18, 2022, at 8:30 AM. Counsel and all parties shall be present in the courtroom no later than 8:00 AM.

**IT IS FURTHER ORDERED** that the government's motion *in limine* to preclude evidence or argument regarding grounds asserted in motions to dismiss (Rec.Doc. 198 in 20cr55 and Rec.Doc. 107 in 20cr139) is **GRANTED** as unopposed, as discussed during the conference.[2] Should counsel decide at trial that it wants the Court to revisit any such issue, it shall first approach the bench and make such a request.

**IT IS FURTHER ORDERED** that, not later than June 30, 2022, counsel shall submit three hard copy bench books with flash drives as approved by the Court for voluminous exhibits.

**IT IS FURTHER ORDERED** that the government's motion *in limine* to exclude defense expert Harold Asher is hereby submitted on the papers.

**IT IS FURTHER ORDERED** that the government's motion *in limine* to exclude extrinsic evidence shall be submitted on the papers **without** oral argument on June 15, 2022.

**IT IS FURTHER ORDERED** that, there being no authenticity objections by defendants, all records identified by the government in its motions at Rec.Doc. 239 in 20cr55 and Rec.Doc. 134 in 20cr139 are self-authenticating and may be admitted via affidavit.

**IT IS FURTHER ORDERED** that defendants may call as witnesses those record affiants that the government has subpoenaed concerning self-authenticated records which defendants want to traverse; the government shall advise the record affiants that the pending subpoenas for such

---

[2] During the conference, defense counsel indicated that it did not plan to introduce evidence or advance arguments concerning the issues raised by defendants in their prior motions to dismiss the indictment.

witnesses remain in effect and that defendants may examine certain of those witnesses identified by defendants at trial.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**