**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 20-055 |
| VERSUS | SECTION "I" |
| | JUDGE LANCE M. AFRICK |
| JASON R. WILLIAMS | |
| NICOLE E. BURDETT | MAGISTRATE (4) |
| | MAGISTRATE JUDGE ROBY |
| UNITED STATES OF AMERICA | CRIMINAL NO. 20-139 |
| VERSUS | SECTION "I" |
| | JUDGE LANCE M. AFRICK |
| NICOLE E. BURDETT | |
| | MAGISTRATE (3) |
| | MAGISTRATE JUDGE DOUGLAS |

**OPPOSITION TO GOVERNMENT MOTION IN LIMINE**
**TO EXCLUDE EXTRINSIC EVIDENCE**

Jason Williams and Nicole Burdett are charged with committing tax fraud by demanding that their accountant Henry Timothy inflate Schedule C business expenses. At trial, Mr. Williams and Ms. Burdett will prove that Mr. Timothy took aggressive deductions for himself and nearly all his business clients, not just for the defendants.[1] The government seeks to exclude any evidence of Mr. Timothy's work for other clients under Federal Rules of Evidence 608(b) and 404(b),[2] but neither rule applies.

Respectively, Rules 608(b) and 404(b) bar certain evidence showing a witness's character for untruthfulness or his propensity to commit bad acts. Neither rule prevents a party from introducing evidence for other purposes, such as to dispute a material issue or to show a witness's

---

[1]     *See* Rec. Doc. 308.

[2]     *See* Rec. Doc. 324.

1

bias. Evidence that Mr. Timothy took aggressive or fraudulent deductions for himself and his other clients, without his clients' consent, shows both.

At the pretrial conference, the government disclosed for the first time that Mr. Timothy now admits to "fudging" the deductions for other clients, but with the self-serving caveat that he did so only when directed by his clients. This qualification is contrary not only to defendants' position, but also to the expected testimony of several other clients who say that Mr. Timothy made excessive deductions on his own and without their knowledge.[3] At trial, the defense will introduce evidence that Mr. Timothy took similar deductions across the board as a regular practice.[4] This further calls into question Mr. Timothy's doubtful claim that any of his individual clients, including the defendants, independently directed him to commit tax fraud in this same way. The more likely inference is that Mr. Timothy took these deductions on his own through incompetence, fraud, or both.

Mr. Timothy's aggressive deductions on other returns is also evidence of bias. The government has not charged Mr. Timothy with the tax fraud that he admittedly committed when he "fudged" deductions for his other clients and his plea agreement ensures that he will not be charged for any of this conduct.[5] This is weighty consideration given for his cooperation against Mr. Williams and Ms. Burdett and clear evidence of his motive to favor the government. Rules 608(b) and 404(b) do not bar the introduction of evidence for these purposes.

---

[3]     *See* Rec. Doc. 308 at 6 (summarizing testimony of Mr. Timothy's clients).

[4]     *Id*. at 2–5.

[5]     Specifically, the plea agreement provides that "The Government agrees that it will not prosecute [Timothy] for any other offense known to the United States Attorney's Office, based on the investigation which forms the basis of the Bill of Information." The spreadsheet detailing Timothy's handling of his other clients was obtained and utilized by IRS S/A Lori Marable, the case agent who investigated Mr. Timothy for tax fraud and was clearly part of the investigation of Timothy "which forms the basis for the Bill of Information."

I. **Rule 608(b) does not prevent the defense from contradicting Timothy's testimony or demonstrating his bias.**

Rule 608(b) applies only when a party introduces evidence for a very specific purpose:  To attack or support "the witness' character for truthfulness."[6] "The application of Rule 608(b) to exclude extrinsic evidence of a witness's conduct is limited to instances where the evidence is introduced to show a witness's general character for truthfulness."[7] Rule 608 is "inapplicable in determining the admissibility of relevant evidence introduced to contradict a witness's testimony as to a material issue. So long as otherwise competent, such evidence is admissible."[8]

Mr. Williams and Ms. Burdett are not offering evidence that Mr. Timothy took extensive deductions on other clients' returns as evidence of his character for truthfulness. They are using this evidence to dispute Mr. Timothy's claim that the defendants directed Mr. Timothy to take these deductions—a dispositive issue in Mr. Williams and Ms. Burdett's defenses. "Rule 608(b) should not stand as a bar to the admission of evidence introduced to contradict, and which the jury might find disproves, a witness's testimony as to a material issue of the case."[9]

Even if Rule 608(b) applied, evidence that Mr. Timothy admittedly "fudged" other clients' returns and has not been charged would be admissible evidence of bias.[10] As the Supreme Court has explained, "it would be a strange rule of law which held that relevant, competent evidence which tended to show bias on the part of a witness was nonetheless inadmissible because it also

---

[6]     Fed. R. Evid. 608(b).

[7]     *United States v. Opager*, 589 F.2d 799, 801 (5th Cir. 1979).

[8]     *Id.* at 802.

[9]     *Opager*, 589 F.2d at 803.

[10]     *United States v. Abel*, 469 U.S. 45, 56 (1984) (holding that bias evidence doesn't implicate Rule 608); *see also United States v. Martinez*, 962 F.2d 1161, 1165 (5th Cir. 1992) ("Extrinsic evidence may ... be admissible for another purpose—for example, if it tends to show bias in favor of or against a party.").

3

tended to show that the witness is a liar [under Rule 608(b)]."[11] On the contrary, "proof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess *all* evidence which might bear on the accuracy and truth of a witness' testimony."[12] The right to cross examination on bias "is particularly important when the witness is critical to the prosecution's case."[13] Thus, the government's decision not to charge its chief witness with other admitted instances of tax fraud is fertile grounds for cross-examination and not barred by Rule 608(b).[14]

## II.   Evidence that Timothy took excessive deductions with other clients is intrinsic. Alternatively, the evidence is not being offered to show propensity.

For similar reasons, Rule 404(b) also does not apply. Evidence that Mr. Timothy inflated Schedule C deductions across the board for his business clients is "inextricably intertwined" with and "provid[es] immediate context" to the allegations that Mr. Williams and Ms. Burdett directed Mr. Timothy to inflate their own deductions.[15] The jury cannot assess defendants' denial that they instructed Mr. Timothy to take deductions without also hearing that Mr. Timothy took these same deductions for many others. Such intrinsic "other act" evidence does not implicate Rule 404(b) of the Federal Rules of Evidence and "consideration of its admissibility pursuant to Rule 404(b) is unnecessary."[16]

---

[11]     *Abel*, 469 U.S. at 56.

[12]     *Id.* (emphasis added).

[13]     *United States v. Mizell*, 88 F.3d 288, 293 (5th Cir. 1996).

[14]     *See United States v. Landerman*, 109 F.3d 1053, 1063 (5th Cir. 1997) (holding that it was error to deny cross examination concerning pending charge's effect on motivation of witness to lie); *United States v. Cooks*, 52 F.3d 101, 104 (5th Cir.1995) (same).

[15]     *United States v. Coleman*, 78 F.3d 154, 156 (5th Cir.1996).

[16]     *United States v. Garcia*, 27 F.3d 1009, 1014 (5th Cir.1994).

Rule 404(b) also does not bar evidence that is not being offered to show propensity. To be admissible, alleged 404(b) evidence (1) must be "relevant to an issue other than the defendant's character," and (2) "possess probative value that is not substantially outweighed by its undue prejudice and [that it] meet the other requirements of rule 403."[17] As stated above, that Mr. Timothy so pervasively inflated Schedule C deductions for his other clients contradicts his position that Mr. Williams and Ms. Burdett directed him to do so on their returns. As with Rule 608(b), admitting evidence to contradict a witness's factual testimony on a material point does not implicate Rule 404(b).[18] Likewise, Rule 404(b) does not bar evidence of bias.[19] Because evidence that Mr. Timothy took aggressive deductions for other clients shows him to be biased towards the government, and undermines his credibility, Rule 404(b) does not prohibit the evidence.

---

[17]     *United States v. Beechum*, 582 F.2d 898 (5th Cir. 1978). The government makes no Rule 403 arguments, other than to briefly raise the specter of minitrial. But that is not a concern. Defendants do no intent to call each individual taxpayer as a witness. They intend to cross examine Mr. Timothy and the government's agents about the government's own analysis of Mr. Timothy's prepared returns and twenty individual comparators.

[18]     *Cf. United State v.* Mitz, 396 F. App'x. 296, 300 (6th Cir. 2010) (admitting evidence that accountant took the same position on other returns because it contradicted "his suggestion that the taxpayers had somehow misled him.");  *United States v. Sperl*, 458 F. App'x 535, 542-43 (6th Cir. 2012) (evidence of accountant's uncharged false returns negated good faith defense).

[19]     *See United States v. Skelton*, 514 F.3d 433, 441 (5th Cir. 2008).

## CONCLUSION

For the reasons stated above, the government's motion in limine should be denied.

Respectfully submitted:

_/s/Michael W. Magner_
MICHAEL W. MAGNER (#1206)
AVERY B. PARDEE (#31280)
Jones Walker LLP
201 St. Charles Ave., Suite 5100
New Orleans, LA 70170
Telephone (504) 582-8316
apardee@joneswalker.com
mmagner@joneswalker.com

_Attorneys for Nicole E. Burdett_

_/s/ Ian Atkinson_
William P. Gibbens, 27225
Ian L. Atkinson, 31605
SCHONEKAS,   EVANS,   MCGOEY   &
MCEACHIN, L.L.C.
909 Poydras Street, Suite 1600
New Orleans, Louisiana 70112
Telephone: (504) 680-6050
billy@semmlaw.com
ian@semmlaw.com

and

Lisa M. Wayne (Pro Hac Vice)
LAW OFFICES OF LISA M. WAYNE
1775 Sherman St., Ste. 1650
Denver, Colorado 80203
Telephone:  (303) 589-9745
Lmonet20@me.com

_Attorney for Jason R. Williams_