# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO: 20-55** |
| **v.** | * | **SECTION: "F" (4)** |
| **JASON R. WILLIAMS**<br>**NICOLE E. BURDETT** | * | |
| | * * * | |

### DEFENDANT JASON WILLIAMS' REPLY MEMORANDUM
### IN SUPPORT OF HIS OBJECTIONS TO THE GOVERNMENT'S EXHIBITS

In response to the government's 775 proposed exhibits, the defendants submitted objections to 18 categories of improper government exhibits. The government has responded to only **two** of the defendants' objections: pre-indictment tax history and lifestyle evidence. The government has not bothered to justify its position on the defendants' 16 additional objections. With respect to pre-indictment tax history and lifestyle evidence, the government's exhibits should be excluded.

**1.** **The government is seeking to introduce "granular evidence" of Mr. Williams' pre-indictment tax history in violation of the Fifth Circuit's ruling.**

The government is clearly seeking to circumvent the rulings of this Court and the Fifth Circuit with respect to Mr. Williams' pre-indictment tax history. The Fifth Circuit ruled that the government may present evidence of "why [Henry Timothy] was hired, when he was hired, the reasons that Mr. Williams went to see him." *United States v. Williams*, 30 F.4th 263, 266 (5th Cir. 2022). However, the Fifth Circuit affirmed Judge Feldman's decision to exclude the "granular details" of Mr. Williams' tax history. *Id*. at 267. In reaching this decision, the Fifth Circuit noted (1) that its concern about introducing evidence of Mr. Williams' tax history is "particularly great" given the facts of this case, (2) that admitting the tax history risks a jury verdict "on an improper basis," and (3) that the government's intention to introduce exhibits that "span close to a decade"

raises the strong possibility of minitrials that "might distract the jury from the charged conduct." *Id*. at 268.

The government ignores all these concerns, and it has included virtually all the "granular details" that the Fifth Circuit has excluded. Indeed, the government has listed 168 exhibits that cover Mr. Williams' entire tax history from 2001 to 2012—even longer than the decade that concerned the Fifth Circuit.

In its response to the defendants' objections, the government addresses only five of its 168 pre-indictment exhibits: Exhibits 10, 517, 518, 519, and 520. These five exhibits alone show the unnecessary, improper detail that the government seeks to introduce about conduct that is inadmissible in the first place:

- Exhibit 10 is the IRS tax transcript for Mr. Williams' **2002** federal tax return, which lists a **ten-year** civil history of payments, late fees, offers in compromise, notices issued, and liens filed and removed in connection with Mr. Williams' 2002 tax return.

- Exhibit 517 is a **May 17, 2005** letter to Mr. Williams from his previous account, Curtis Moret, enclosing his **2002** tax return.

- Exhibit 518 is a **July 29, 2005** letter to Mr. Williams from Mr. Moret enclosing Mr. Williams' **2001** tax return.

- Exhibit 519 is Mr. Williams' **2002** return.

- Exhibit 520 is an **August 6, 2005** bill from Mr. Moret to Mr. Williams for preparing his **2001, 2002, and 2003** returns.

Mr. Williams has not been charged in connection with his 2001, 2002, or 2003 tax returns, and allowing introduction of these five exhibits raises all the problems that the Fifth Circuit has identified:

Admitting the evidence gives the jury the chance to decide the case on an improper basis: Williams is guilty because he is the type of person who doesn't follow the tax laws. This concern is "particularly great" when, as here, the other acts have gone unpunished. *Beechum*, 582 F.2d at 914. On top of this, risks of confusion and delay

abound. The exhibits the government seeks to introduce span close to a decade, raising the strong possibility of minitrials over late filings and civil IRS disputes that might distract the jury from the charged conduct.

*Id.* at 268.

The government can establish "why [Mr. Timothy] was hired, when he was hired, the reasons that Mr. Williams went to see him" through the testimony of Mr. Timothy. *Id.* at 267. The government does not need to introduce 168 exhibits to prove this point. And it is clear from Exhibit 520—an **August 6, 2005 bill** from Mr. Moret to Mr. Williams—that the government is not even trying to follow the Fifth Circuit's ruling. Even worse, the government has stated that it intends to call Mr. Moret to testify about these inadmissible materials. Both this Court and the Fifth Circuit have explicitly ruled on what may be introduced at trial about Mr. Williams' tax history, and the government's attempt to call multiple witnesses and introduce more than 100 exhibits clearly violates those rulings.

## 2. The government has not established a predicate for post-indictment "lifestyle" evidence.

In response to the defendants' objections to the government's 117 exhibits about "lifestyle" evidence, the government addresses only one piece of "lifestyle" evidence related to Mr. Williams: his purchase of a $1.4 million home in March 2019. The government justifies its admission of this evidence because it "**believes** that Williams had the wherewithal to make this large purchase, due to the fact that his tax liability was fraudulently reduced by Henry Timothy for many years." Rec. 345 at 4 (emphasis added). However, the government offers nothing in support of this subjective belief.

In addition, even if Mr. Williams' home purchase in 2019 were relevant to the charges of tax fraud for his 2013, 2014, 2015, 2016, or 2017 tax returns, it is clear that the government is not interested in simply proving that Mr. Williams purchased the house, which it could do with a single

exhibit.  Instead, the government seeks to introduce irrelevant, unnecessary details such as an email between Mrs. Williams and the Williams' financial advisor, Kevin Conley, discussing her "preliminary thoughts on purchasing a home" (Ex. 176); dozens of emails with Mr. Williams' loan officer discussing minutia like insurance (Exs. 478-516); the closing disclosure statement, the act of sale, and the settlement statement (Exs. 475, 757, 758); multiple photographs of the house (Exs. 228, 229, ad 230); and every single check and bank statement related to the transaction.  The government's motive is clear:  it is improperly attempting to bolster a weak case by inappropriately emphasizing conduct that falls outside of the time frame in the indictment.

**3.     The government has not bothered to address the defendants' 16 other objections.**

Aside from the two objections discussed above, the government has failed to address any other objections filed by the defendants.  The government claims that its exhibits "may not all be introduced at trial" and that "some of the exhibits will only be utilized as impeachment material for cross-examination and/or as rebuttal evidence."  Rec. Doc. 354 at 1.  However, aside from the five exhibits discussed above (Ex. 510, 517, 518, 519, and 520) the government leaves the Court and the defendants to guess at its intentions for its remaining 770 exhibits.  Many of these exhibits are obviously questionable—such as Mr. Williams' divorce pleadings, a late fee from the Board of Ethics for a campaign filing, tax transcripts obtained by Mr. Williams' defense attorney, and tax returns filed by Mr. Williams' wife and mother—and the government offers no basis for their introduction at trial.

Based on the five exhibits that the government does discuss, it is clear that the government, in a kitchen-sink approach, has included irrelevant and inadmissible materials—the 2006 bill from Curtis Moret is a prime example.  The government should not be permitted to inundate the Court and the defendants with thousands of pages of documents that "may not" be used at trial.  The

Court should order the government to (1) respond to all the defendants' objections and (2) pare down its exhibit list to exhibits that it intends to introduce at trial.

Respectfully submitted:

*/s/ William P. Gibbens*
William P. Gibbens, 27225
Ian L. Atkinson, 31605
SCHONEKAS, EVANS, MCGOEY & MCEACHIN, L.L.C.
909 Poydras Street, Suite 1600
New Orleans, Louisiana 70112
Telephone: (504) 680-6050
billy@semmlaw.com
ian@semmlaw.com

and

Lisa M. Wayne (Pro Hac Vice)
LAW OFFICES OF LISA M. WAYNE
1775 Sherman St., Ste. 1650
Denver, Colorado 80203
Telephone: (303) 589-9745
Lmonet20@me.com

*Attorney for Jason R. Williams*