UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 20-cr-00055** |
| | * | **SECT. I. MAG.4** |
| **VERSUS** | * | |
| | * | **JUDGE AFRICK** |
| **JASON R. WILLIAMS    (01)** | * | |
| **NICOLE E. BURDETT    (02)** | * | **MAGISTRATE JUDGE ROBY** |

**UNITED STATES OF AMERICA'S MEMORANDUM IN SUPPORT OF FIRST SUPPLEMENTAL MOTION IN LIMINE TO EXCLUDE ARGUMENT, TESTIMONY, AND EVIDENCE CONCERNING DISMISSED COUNT IN INDICTMENT**

The United States America supplements its previously-filed motion in limine to exclude argument, evidence, and testimony concerning recently dismissed Count 10 of the indictment as follows:

In January of 2019, the IRS officially opened a tax fraud investigation involving Jason Williams. As part of that investigation, on April 18, 2019, the United States issued a grand jury subpoena to Jason Rogers Williams and Associates, LLC. The subpoena requested the law firm to produce, among other items, "cash receipts and disbursements records." [Government Exhibit 1].

The law firm responded to the subpoena on June 3, 2019. Nicole Burdett responded on behalf of the firm and certified that the documents "to the best of [her] knowledge and belief, [were] all of the documents fitting the description of documents called for in said subpoena and in the possession of Jason Rogers Williams and Associates." [Government Exhibit 2]. Among the documents produced were records from Top Dog Legal, which was the billing software utilized by the law firm. The records indicated that the law firm received $10,500.00 in cash from D.B.

1

on January 29, 2018.  [Government Exhibit 3].  Given that no corresponding Form 8300 was ever filed, the United States charged the defendants in Count 10 of the indictment with willfully failing to file a Form 8300 for this apparent cash receipt.  [Rec. Doc. 1].

On June 8, 2022, more than three years after responding to the subpoena, the defendants produced <u>for the first time</u> additional records from the law firm.  These newly produced records consisted of a "Settlement Disbursements" letter from the firm to D.B.  [Government Exhibit 4].  The letter provided the breakdown of a civil settlement involving D.B. and indicated that the law firm would withhold from the settlement proceeds $10,500.00 for its attorneys' fees.  Based upon this new evidence, it was evident that the law firm had incorrectly coded the transaction in Top Dog Legal.  Therefore, and because the new documentation demonstrated that the transaction was not one for which a Form 8300 was required, the Government promptly moved to dismissed Count 10 from the indictment.

Despite dismissing Count 10 from the indictment, the defendants tendered a trial exhibit list that included the recently produced "Settlement Disbursements" letter along with other evidence in defense of that count.  [Defense Exhibit 58].  The Government filed a motion in limine to exclude at trial evidence in defense of the dismissed count, as well as any argument or reference to the dismissed count.  [Rec. Doc. 342].  The Government argued that evidence, argument, and reference to the now-uncharged conduct was not relevant at trial.  [Rec. Doc. 342-1].  The Government additionally argued that the evidence and argument would confuse the issues, mislead the jury, and be unduly prejudicial.  [Rec. Doc. 342-1].

On May 27, 2022, the parties discussed with the Court the Government's motion in limine.  Defense counsel collectively stated that evidence of the dismissed count was relevant because it showed a "pattern or practice" of the Government conducting a "sloppy investigation" in this case.

Given the factual background, the defense's reasoning is not only illogical but also precisely why the evidence should be inadmissible under Fed. R. Evid. 403.[1]

Specifically, if the defendants had timely produced the "Settlement Disbursements" letter in response to the grand jury subpoena, the Government would have known (prior to seeking an indictment in this case) that the defendants had incorrectly coded the transaction in their billing software. More importantly, had the defendants timely complied with the subpoena and produced this documentation, the Government would not have charged this transaction as a count in the indictment.

But the defendants did not do so, and now they want to use this never-before-produced evidence to argue to the jury that the Government conducted a "sloppy investigation." This does not make sense. How can the Government be accused of conducting a "sloppy investigation" when the defendants did not timely disclose the relevant evidence? The Government cannot and should not be faulted for the defendants' failure to timely and accurately comply with the subpoena, even though they attested to that fact that they had complied. The Court should therefore exclude the newly tendered evidence in defense of the dismissed count in the indictment on grounds that the probative value of this new evidence is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403.

---

[1] As the Court will recall, the defense attorneys represented in the meeting that the evidence had a Government Bates stamp and therefore had been previously produced. The Government has since reviewed the defendants' prior response to the grand jury subpoena issued to Jason Rogers Williams and Associates, LLC, however, and confirmed the "Settlement Disbursements" letter was never previously disclosed. In fact, it contains no Government Bates number on it.

3

CONCLUSION

The United States respectfully requests this Court grant the motion in limine and exclude from trial any evidence, argument, and reference to dismissed Count 10 of the indictment.

                                            Respectfully submitted,

                                            MERRICK B. GARLAND
                                            United States Attorney General

                                            BRANDON B. BROWN
                                            United States Attorney
                                            Western District of Louisiana

BY:   /s/ Kelly P. Uebinger
        KELLY P. UEBINGER, (Bar No. 21028)
        ALEXANDER C. VAN HOOK, (Bar No. 25281)
        JESSICA D. CASSIDY, (Bar No. 34477)
        Assistant United States Attorneys
        800 Lafayette Street, Suite 2200
        Lafayette, LA 70501
        Telephone: (337) 262-6618

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 20-cr-00055** |
| | * | **SECT. I. MAG.4** |
| **VERSUS** | * | |
| | * | **JUDGE AFRICK** |
| **JASON R. WILLIAMS     (01)** | * | |
| **NICOLE E. BURDETT    (02)** | * | **MAGISTRATE JUDGE ROBY** |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2022, I electronically filed the foregoing Government's Memorandum in Support of First Supplemental Motion in Limine to Exclude Argument, Testimony, and Evidence Concerning Dismissed Count in Indictment with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all defense counsel of record.

      /s/ Kelly P. Uebinger
      KELLY P. UEBINGER, (Bar No. 21028)
      ALEXANDER C. VAN HOOK, (Bar No. 25281)
      JESSICA D. CASSIDY, (Bar No. 34477)
      Assistant United States Attorneys