## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO.  20-cr-00055** |
| | * | **SECT. I. MAG.4** |
| **VERSUS** | * | |
| | * | **JUDGE AFRICK** |
| **JASON R. WILLIAMS  (01)** | * | |
| **NICOLE E. BURDETT  (02)** | * | **MAGISTRATE JUDGE ROBY** |

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO.  20-cr-00139** |
| | * | **SECT. I. MAG.3** |
| | * | |
| **VERSUS** | * | **JUDGE AFRICK** |
| | * | |
| **NICOLE E. BURDETT (01)** | * | **MAGISTRATE JUDGE DOUGLAS** |

### UNITED STATES' MEMORANDUM IN SUPPORT OF MOTION TO RECONSIDER IN-COURT RULING EXCLUDING EXHIBITS

The United States respectfully requests this Court to reconsider its ruling denying the admissibility of Government Exhibits 84, 85, 86, 88, and 89.  As will be shown below, these exhibits contain statements against interest by Jason Williams.  They also constitute communications by Jason Williams with the IRS <u>after</u> he met Henry Timothy, which has not been precluded by either the district court or the Fifth Circuit.  And such communications constitute statements made by a coconspirator during and in the furtherance of the conspiracy, which is admissible under well-settled statutory and jurisprudential authorities.

RELEVANT BACKGROUND

First, during a bench conference, the defendants suggested that this Court (by way of the prior district court judge assigned to this case) and the Fifth Circuit have wholesale precluded "granular details" about the defendants' lingering tax debts and liens.  This is simply untrue.  The Fifth Circuit stated that "it read the [district court] order to allow evidence showing that Williams

had lingering tax debt and liens when the conspiracy began and asked the tax preparer to amend the earlier returns to preclude liability….<u>What the district court did exclude were granular details of Williams's late filings, late payments, liens, enforcement actions, and communications with the IRS that were resolved **before he met the tax preparer**</u>." *United States v. Williams*, 30 F. 4th 263, 266 (5th Cir. 2022).  [Emphasis added].  Thus, neither this Court nor the Fifth Circuit has held that details of Williams' late filings and communications with the IRS **<u>after meeting Henry Timothy</u>** are inadmissible.  And so, for the defendants to have represented that such evidence is inadmissible, such a representation was incorrect and improper.

Government Exhibits 84, 85, 86, 88, and 89 undoubtedly align with what this Court and the Fifth Circuit have held as admissible evidence, namely, statements (i.e., communications) made by Jason Williams with the IRS **<u>after he met Henry Timothy</u>**.  And these communications should be admissible because they are statements against and are statements made by a coconspirator during and in furtherance of the conspiracy.

LAW AND ANALYSIS

As the Court is well aware, there are exceptions to the hearsay rule.   One such exception is statements against interest.  Fed. R. Evid. 804(b)(3).  This exception allows the admission of a statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless believing it to be true.

Statements made by a conspirator during and in furtherance of a conspiracy are also not hearsay.  Fed. R. Evid. 801(d)(2)(E); *United States v. Holmes*, 406 F. 3d 337 (5th Cir. 2005).  The Fifth Circuit has consistently held that the "in furtherance" requirement is not to be construed too

strictly lest the purpose of the exception be defeated. *United States v. Cornett*, 195 F. 3d 776, 782 (5th Cir. 1999); *United States v. Lechuga*, 888 F. 2d 1472, 1480 (5th Cir. 1989); *United States v. Ascarrunz*, 838 F. 2d 759, 763 (5th Cir. 1998). A statement that advances the ultimate objects of the conspiracy is made in furtherance of the conspiracy. *Cornett*, 195 F. 3d 776, 782. A coconspirator's statement need not be made to another coconspirator to be admissible as a statement made by a co-conspirator during and in furtherance of the conspiracy. Fed. R. Evid. 801(d)(2)(E).

While the court may require the government to establish the conspiracy and the defendant's connection therewith before the coconspirator's declaration are admitted, the court may still admit the coconspirator's declarations subject to subsequent proof of the existence of the conspiracy and defendant's role therein, or here what the government's proof of the  conspiracy will be and, if found to be sufficient, admit the coconspirator's statement at any stage of the trial. *United States v. Williams*, 264 F. 3d 561 (5th Cir. 2001); *United States v. Mendoza-Medina*, 346 F. 3d 121 (5th Cir. 2003).

The Government need only prove the existence of a conspiracy by the preponderance of the evidence, which the Government has done through the testimony of Henry Timothy. *Bourjaily v. United States*, 483 U.S. 171, 176  (1987). But even had the Government not established the existence of the conspiracy, the Court still admit the coconspirator's declarations subject to subsequent proof of the existence of the conspiracy and defendant's role therein, or here what the government's proof of the  conspiracy will be and, if found to be sufficient, admit the coconspirator's statement at any stage of the trial. *United States v. Williams*, 264 F. 3d 561 (5th Cir. 2001); *United States v. Mendoza-Medina*, 346 F. 3d 121 (5th Cir. 2003).

In 2013, during the course of the conspiracy, Jason Williams sought a claim for a request for abatement related to the 2001, 2002, 2003, 2006, and 2007 tax years.  In his requests related to the 2001 through 2003 tax years, Jason Williams (not Henry Timothy acting on his behalf) swore under penalty of perjury that:

> Once I became overwhelmed with tax filing/bookkeeping requirements, I consulted with a professional to take over the books and tax preparations.  This person failed to live up to his obligation.  Subsequently, these taxes were filed neither timely nor properly.  Therefore, I had another CPA re-evaluate them and file amendments in 2012 which were accepted by the IRS.  This was an additional effort to remedy any and all taxes owed.

[Government Exhibit 084-003; Government Exhibit 085-003, Government Exhibit 085-004].

In his requests for abatement related to the 2006 and 2007 tax years, Jason Williams (again, not Henry Timothy acting on his behalf) swore under penalty of perjury:

> Once I became overwhelmed with tax filing/bookkeeping requirements, I consulted with a professional to take over the books and tax preparations.  This person failed to live up to his obligation.  Subsequently, these taxes were filed neither timely nor properly.  Therefore, I had another CPA re-evaluate them and file amendments in 2012 which were accepted by the IRS.  This was an additional effort to remedy any and all taxes owed.

> While trying to resolve these issues New Orleans was struck by Hurricane Katrina which made it very difficult because many files and documents were lost and we were relocated outside of New Orleans for the end of 2005 and most of 2006.  This presented a very difficult situation to get anything done in a timely manner.

[Government Exhibit 088-004; Government Exhibit 089-004].

These statements were made by Jason Williams during the course of the conspiracy.  They were made after he hired Henry Timothy to amend his tax returns.  The statements are clearly relevant because they show that Jason Williams was aware that he wanted Mr. Timothy to amend the returns and that he was familiar with specific issues regarding his tax returns and taxes owed. The statements are also a further attempt by Jason Williams to fraudulently reduce the amount that he owed to the IRS because he is seeking a reduction in penalties and interest by claiming his

records were destroyed in the hurricane. **He sought a claim for such a reduction and the claim was granted by the IRS**. It is clear, based on the documents obtained by the Government through the grand jury process, that Williams had these documents all along. These are clearly statement admissions, statements against Williams' interest, and statements in furtherance of the conspiracy. While these returns do not specifically pertain to the substantive tax years charged, the conspiracy count is not so limited. Count One of the indictment clearly charges Williams and Nicole Burdett with conspiring to defraud the United States, and these statements undoubtedly advance this objective.

Respectfully Submitted:

MERRICK B. GARLAND
United States Attorney General

BRANDON B. BROWN
United States Attorney
Western District of Louisiana

BY:     /s/ Kelly P. Uebinger
        KELLY P. UEBINGER, (Bar No. 21028)
        ALEXANDER C. VAN HOOK, (Bar No. 25281)
        JESSICA D. CASSIDY, (Bar No. 34477)
        Assistant United States Attorneys
        800 Lafayette Street, Suite 2200
        Lafayette, LA 70501
        Telephone: (337) 262-6618

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO.  20-cr-00055** |
| | * | **SECT. I. MAG.4** |
| **VERSUS** | * | |
| | * | **JUDGE AFRICK** |
| **JASON R. WILLIAMS  (01)** | * | |
| **NICOLE E. BURDETT  (02)** | * | **MAGISTRATE JUDGE ROBY** |
| | | |
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO.  20-cr-00139** |
| | * | **SECT. I. MAG.3** |
| | * | |
| **VERSUS** | * | **JUDGE AFRICK** |
| | * | |
| **NICOLE E. BURDETT (01)** | * | **MAGISTRATE JUDGE DOUGLAS** |

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2022, I electronically filed the foregoing Government's Motion to Reconsider In-Court Ruling Excluding Exhibits with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all defense counsel of record.

/s/ Kelly P. Uebinger
KELLY P. UEBINGER, (Bar No. 21028)
ALEXANDER C. VAN HOOK, (Bar No. 25281)
JESSICA D. CASSIDY, (Bar No. 34477)
Assistant United States Attorneys