### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 20-055 |
| VERSUS | SECTION "I" |
| | JUDGE LANCE M. AFRICK |
| JASON R. WILLIAMS | |
| NICOLE E. BURDETT | MAGISTRATE (4) |
| | MAGISTRATE JUDGE ROBY |
| | |
| UNITED STATES OF AMERICA | CRIMINAL NO. 20-139 |
| VERSUS | SECTION "I" |
| | JUDGE LANCE M. AFRICK |
| NICOLE E. BURDETT | |
| | MAGISTRATE (3) |
| | MAGISTRATE JUDGE DOUGLAS |

### OPPOSITION TO MOTION FOR RECONSIDERATION

NOW INTO COURT, through undersigned counsel, come Jason R. Williams and Nicole E. Burdett, who submit this opposition to the government's motion for reconsideration. *See* Doc. 253. The government asks the Court to reconsider its ruling excluding government Exhibits 84, 85, 86, 88 and 89, which, in effect, asks the Court to reconsider both Judge Feldman's opinion on the government's Rule 404(b) notice and the Fifth Circuit's opinion affirming Judge Feldman's ruling. Because the government's request is contrary to the law of the case and fails on the merits, it should be denied.

At the outset, the Court should note that, throughout the course of this case, the government has repeatedly changed its position about whether these exhibits (and many other exhibits that are not directly related to the counts charged in the indictment) are intrinsic or extrinsic evidence.

In its appeal to the Fifth Circuit in January 2021—an appeal which derailed the January 2021 trial date over the objection of the defendants—the government contended that these exhibits, in which Mr. Williams cites Hurricane Katrina as a hardship in an application for an abatement of

tax penalties, were admissible as 404(b).  The Fifth Circuit, however, affirmed the district court's exclusion of these exhibits, noting that "the government's only mention of Williams's lying to the IRS that Hurricane Katrina destroyed his business records was a fleeting reference during the evidentiary hearing. The Rule 404(b) notice itself did not mention that evidence." *United States v. Williams*, 30 F.4th 263, 268 n.4 (5th Cir. 2022).  These exhibits were properly excluded because they relate to Mr. Williams' "tax history predating the conspiracy – including evidence of his late filings and payments and his related back-and-forth with the IRS." *Id*. at 265.

Now, in a third bite at the apple, the government has changed its position and contends that these exhibits are in furtherance of the conspiracy, and not 404(b) at all. This midtrial change in position is extremely prejudicial to the defendants.  The defendants have conducted extensive voir dire, selected a jury, presented opening statements, and defended the case with the justified understanding that these exhibits would be excluded under Rule 404(b).  Certainly, the defendants had no reason to believe that the government would suddenly claim that these exhibits were intrinsic to the conspiracy.  Indeed, as the Court is aware, the nine-page indictment exhaustively describes the conspiracy and the alleged overt acts and fails to mention that Mr. Williams' request for abatement of tax penalties is any part of the alleged crime charged.

Both Judge Feldman and the Fifth Circuit properly recognized that these abatement requests, as well as civil delinquencies in filing or paying taxes, do not equate with willful intent to take fraudulent or improper deductions as charged in the indictment.  For this reason, Judge Feldman ruled that evidence that concerning Mr. Williams' hiring Henry Timothy to amend prior returns and prepare the returns that are the subject of the indictment's substantive counts was admissible.  However, evidence "which predates Timothy being hired **or otherwise pertains to Mr. Williams' mere 'civil' back-and-forth with the IRS in years precedent the indicted tax**

**years**," would not be admissible. Rec. Doc. 261 at 20-21 (emphasis added). Accordingly, the spirit of Judge Feldman's ruling – which the Fifth Circuit affirmed – is not inextricably tied to the date of the exhibit, as the government suggests. The point of the ruling is that "civil back and forth" with the IRS should be excluded as prejudicial.

Finally, whether extrinsic or intrinsic, the government's Exhibits 84, 85, 86, 88, and 89 remain subject to Rule 403's balancing test. Both Judge Feldman and the Fifth Circuit correctly recognized that this type of evidence "rais[es] the strong possibility of minitrials over late filings and civil IRS disputes that might distract the jury from the charged conduct." *United States v. Williams*, 30 F.4th at 268. Thus, both courts properly found that the probative value of this precise type of evidence, if any, was substantially outweighed by the "unfair prejudice and misleading and confusing nature and extent of the prior tax history evidence" and agreed exclusion was warranted. Doc. 261 at 23. Certainly, the more evidence introduced regarding these collateral issues, the greater possibility for prejudice and confusion. (And as the defendants pointed out in their objections to the government's exhibits, the government has listed **more than a hundred** exhibits related to civil tax issues. *See* Rec. Doc. 341 at p. 16.)

## CONCLUSION

For the reasons stated above, the government's motion for reconsideration should be denied.

Respectfully submitted:

/s/Michael W. Magner
MICHAEL W. MAGNER (#1206)
AVERY B. PARDEE (#31280)
Jones Walker LLP
201 St. Charles Ave., Suite 5100
New Orleans, LA 70170
Telephone (504) 582-8316
apardee@joneswalker.com
mmagner@joneswalker.com

*Attorneys for Nicole E. Burdett*

/s/ Billy Gibbens
William P. Gibbens, 27225
Ian L. Atkinson, 31605
SCHONEKAS, EVANS, MCGOEY &
MCEACHIN, L.L.C.
909 Poydras Street, Suite 1600
New Orleans, Louisiana 70112
Telephone: (504) 680-6050
billy@semmlaw.com
ian@semmlaw.com

and

Lisa M. Wayne (Pro Hac Vice)
LAW OFFICES OF LISA M. WAYNE
1775 Sherman St., Ste. 1650
Denver, Colorado 80203
Telephone: (303) 589-9745
Lmonet20@me.com

*Attorney for Jason R. Williams*