## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO.  20-cr-00055** |
| | * | **SECT. I. MAG.4** |
| **VERSUS** | * | |
| | * | **JUDGE AFRICK** |
| **JASON R. WILLIAMS  (01)** | * | |
| **NICOLE E. BURDETT  (02)** | * | **MAGISTRATE JUDGE ROBY** |

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO.  20-cr-00139** |
| | * | **SECT. I. MAG.3** |
| | * | |
| **VERSUS** | * | **JUDGE AFRICK** |
| | * | |
| **NICOLE E. BURDETT (01)** | * | **MAGISTRATE JUDGE DOUGLAS** |

## UNITED STATES' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNT 8 OF THE INDICTMENT

This Court should deny the defendants' Motion to Dismiss Count 8.  [Rec. Doc. 406].  As will be demonstrated below, the evidence at trial did not constitute a "variance" from the indictment.  Even if it did, the variance was not "material."

## LAW AND ANALYSIS

"A material variance occurs when the proof at trial depicts a scenario that differs <u>materially</u> from the scenario charged in the indictment but does not modify an essential element of the charged offense."  *United States v. Rodriguez*, 553 F. 3d 380, 392 (5th Cir. 2008); *United States v. Mitchell*, 484 F. 3d 762, 769 (5th Cir. 2007).  [Emphasis added].  To prevail on a material variance claim, the defendant "must prove that (1) a variance existence between the indictment and the proof at trial, and (2) the various affected [his] substantial rights."  *United States v. Lewis*, 476 F. 3d 369, 384 (5th Cir. 2007).  Specifically, material variances place defendants at risk of being unable to prepare their defenses or of double jeopardy. *United States v. Thomas,* 12

1

F.3d 1350, 1357 (5th Cir.1994).  Reviewing courts examine mere factual variations between the indictment and proof a trial under the harmless error doctrine.  *United States v. Millet*, 123 F. 3d 268, 272 (5th Cir. 1997).

    **a.  The evidence at trial was not a variance from the indictment.**

Counts 7-10 of the revised Indictment charges the defendants with "receiv[ing] more than $10,000 <u>in currency</u> in connection with transactions relating to the payment of fees for legal services…"  [Rec. Doc. 1, § 22].  [Emphasis added].  According to 31 C.F.R. § 1010.330(c), currency includes "a cashier's check…having a face amount of not more than $10,000….".  Similarly, according to 31 U.S.C. § 5331(d)(1), currency includes "any monetary instrument (whether or not in bearer form) with a face amount of not more than $10,000."  The Government presented (through the testimony of IRS SA Timothy Moore and Government Exhibits 762 and 763) evidence that the defendants' law firm received two cashier's checks relating to payor/client J.K. that totaled $15,000 and that no corresponding Form 8300 was ever filed.  The testimony and evidence was therefore consistent with Count 8 of the Indictment in that the defendants received more than $10,000 "in currency" and failed to file a Form 8300.

    **b.  Even if the evidence did constitute a variance, because the defendants were able to prepare their defense and are in no danger of double jeopardy, the variance was not "material."**

As stated above, a variance must be "material."   A variance is "material" if it places the defendants at risk of being unable to prepare their defenses or of double jeopardy.  *Thomas,* 12 F.3d at 1357.  Here, the defendants do not claim that they were unable to prepare their defenses or that they were placed at risk of double jeopardy.  That is because neither has occurred.  As stated above, Count 8 charges the defendants with failing to file a Form 8300 after receiving $10,00.00 on August 23, 2017 and $5,000.00 on January 9, 2018 with regard to payor/client J.K.   The

Government provided to the defendants in discovery the TopDog Legal entries (which the Government received from the defendants) showing the receipt of two checks relating to J.K. as well as the corresponding cashier's checks.  The Government again identified the cashier's checks as Government Exhibits 762 and 763 in its proposed exhibit list (to which the defendants stated in their "Objections to Government's Proposed Exhibit List" that they had no objection, *see* Rec. Doc. 341, p. 14].  Therefore, the defendants received notice of the conduct charged in Count 8 and are in no danger of double jeopardy for the same conduct.  As such, even if there was a variance from the indictment, the variance did not affect the defendants' substantial rights.

Respectfully Submitted:

MERRICK B. GARLAND
United States Attorney General

BRANDON B. BROWN
United States Attorney
Western District of Louisiana


BY:    /s/ Kelly P. Uebinger
            KELLY P. UEBINGER, (Bar No. 21028)
            ALEXANDER C. VAN HOOK, (Bar No. 25281)
            JESSICA D. CASSIDY, (Bar No. 34477)
            Assistant United States Attorneys
            800 Lafayette Street, Suite 2200
            Lafayette, LA 70501
            Telephone: (337) 262-6618

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO.  20-cr-00055** |
| | * | **SECT. I. MAG.4** |
| **VERSUS** | * | |
| | * | **JUDGE AFRICK** |
| **JASON R. WILLIAMS  (01)** | * | |
| **NICOLE E. BURDETT  (02)** | * | **MAGISTRATE JUDGE ROBY** |

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO.  20-cr-00139** |
| | * | **SECT. I. MAG.3** |
| | * | |
| **VERSUS** | * | **JUDGE AFRICK** |
| | * | |
| **NICOLE E. BURDETT (01)** | * | **MAGISTRATE JUDGE DOUGLAS** |

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2022, I electronically filed the foregoing United States' Memorandum in Opposition to Defendants' Motion to Dismiss Count 8 of the Indictment with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all defense counsel of record.

/s/ Kelly P. Uebinger
KELLY P. UEBINGER, (Bar No. 21028)
ALEXANDER C. VAN HOOK, (Bar No. 25281)
JESSICA D. CASSIDY, (Bar No. 34477)
Assistant United States Attorneys